## R. POCHELU *v.* G. A. D. KEMPER.

Where a party has sued and obtained judgment against a company, as a corporation, he is estopped from afterwards denying its corporate capacity.

APPEAL from the Fifth District Court of New Orleans, *Eggleston, J.*
*Benjamin, Bradford & Finney*, for plaintiff. *Singleton & Clack*, and *M. M. Cohen*, for appellants.

COLE, J. Plaintiff is the holder and owner of the following described note :

"New Orleans, April 12th, 1855.

$1020. Sixty days after date, the New Orleans Bone Black Company promise to pay to the order of *D. C. Lowber*, agent, ten hundred and twenty dollars, value received.

R. G. LATTING,
President.

(Endorsed)                     D. C. LOWBER."

Five hundred dollars were paid on this note on the 14th June, 1855.

On the 24th of January, 1856, plaintiff instituted suit and obtained judgment upon the balance due upon the note against the New Orleans Bone Black Company.

This suit was conducted as against a corporation.

On the 29th May, 1856, execution was issued on the judgment, and was returned " no property found."

Whereupon plaintiff instituted this suit, in which he avers that the New Orleans Bone Black Company was a manufacturing company, and composed of certain persons who are jointly and severally liable to him for the payment of the note and judgment aforesaid.

The District Court rendered judgment in favor of plaintiff. Defendants have appealed.

The former suit against the company, apparently as against a corporation, tends to show that plaintiff took and considered the note as an obligation of a corporation, and not of a commercial partnership.

We are of opinion, that the plaintiff is now estopped from denying the New Orleans Bone Black Company to be a corporation, because he sued it and obtained judgment against it as such. *East Pascagoula Hotel* v. *West,* 13 An.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that there be judgment in favor of appellants against the claim of plaintiffs, and that appellee pay the costs of both courts.

Re-hearing refused.