EISFELD v. KENWORTH ET AL.

1. **Corporations:** ORGANIZATION AND PUBLICITY. The word "and" in section 1068 of the Code should be read as "or," and stockholders of a corporation are held where there is a failure to comply substantially with the requirements of the statute with respect to organization or publicity.

2. ———: PUBLICATION. The failure to publish a notice of incorporation is a substantial failure, subjecting the corporators to individual liability.

*Appeal from Louisa District Court.*

TUESDAY, APRIL 8.

THE plaintiff is a judgment creditor of a corporation known as The Co-operative Store of Morning Sun and vicinity. The defendants are stockholders. This action is brought to subject the property of the defendants, as such stockholders, to the payment of the judgment. The petition avers as the ground of such liability that the articles of incorporation were dated April 7, 1874, and purported to be adopted under chapter 52, article 1 of the Revision of 1860, which was not then in force; also that the defendants failed to comply with the law in relation to publicity, and failed to have a copy of the articles filed in the office of the Secretary of State within three months from the date of filing in the recorder's office. To the petition the defendants demurred, and the court sustained the demurrer. The plaintiff appeals.

*Blake & Hammack*, for appellant.

*Hall & Baldwin* and *Charles Baldwin*, for appellees.

ADAMS, J.—I. The fact that the articles purport to be adopted under the Revision of 1860 we deem immaterial. If the corporation complied with the statute in force, and provided for the exemption of private property, it would be exempt.

II.    The petition avers a failure to file the articles of incorporation in the office of the Secretary of State.    But in *The First National Bank of Davenport v. Davies*, 43 Iowa, 424 (436), this was held by a majority of the court to be insufficient to render the stockholders individually liable.

III.    If they are held liable in this case they must be held under the averment that they failed to comply with the law in relation to publicity.    The question raised involves a construction of section 1068 of the Code.    That section provides that the stockholders may be held where there is a failure to comply substantially with the requisitions of the statute in regard to organization and publicity.    The petition shows merely a failure to comply with the statute in regard to publicity, and does not show that there was a substantial failure even in regard to that.

The appellees contend that in the construction of the statute some force must be given to the word *substantially*, as used in it.    It is not to be denied that the use of that word implies that there may be a failure to comply with the statute which is not a substantial failure.    The petition not only fails to aver that there was a substantial failure, but fails to aver in what the failure consisted, so as to enable us to judge whether it was substantial or not.    We might be in great doubt, therefore, whether, taking the petition as it stands, we ought to regard it as sufficient.    But the counsel for the appellant say, in their argument, that the failure consisted in not publishing any notice whatever; and the counsel for the appellees say, in their argument, that the case may be decided upon that theory.    We have, then, two questions to be determined: *First*, whether the failure that shall be sufficient to give rise to individual liability must extend to both organization and publicity, and, if it need extend only to publicity, then, *second*, whether a failure to publish any notice whatever is a substantial failure.

As to the first question we have to say that it seems to us

unreasonable to hold that the Legislature intended that the

*2. CORPORA-TION: organization and publicity.* corporators might, with impunity, omit either organization or publicity, and would be liable only in case they omitted both. The use of the word "and," if taken in its grammatical sense, as a conjunctive, would favor the construction for which the appellees contend. But the word "and" may be read as "or," if other considerations sufficiently potent require it. *State v. Brandt*, 41 Iowa, 593 (615); *State v. Smith*, 46 Iowa, 670. We think it should be so read in this case.

As to the second question we have to say that we think that the failure to publish any notice whatever is a substan-

*2. ———: publication.* tial failure. Section 1064 of the Code provides that the corporation may commence business as soon as its articles are filed in the recorder's office, and that its doings shall be valid if the publication shall be made in a newspaper within three months. Here is a clear implication that its doings will not be valid (by which we understand that they will not be valid as corporate acts) unless the publication is made within three months. Of course whoever participates in, authorizes or accepts the benefits of the things done would become responsible for the things done. But if what is done is not valid as a corporate act, by reason of a failure to publish notice, then the failure is a substantial failure. That it is so seems to have been assumed in *Bayliss v. Swift*, 40 Iowa, 648. It is objected to this view that it is unreasonable to suppose that the Legislature would attach so much importance to the publication of notice. But where a body of men, large or small, contract a liability, but with the design of escaping individual liability, there is much reason for providing not only that they shall provide for individual exemption by recorded articles, but shall publish to the world the fact that they claim such exemption. It is true that the publication could not be presumed to give actual notice to a very large number of those who may deal with the corporation. The publication need continue only four weeks,

while the corporation may by renewal continue indefinitely. Still the publication would tend to fix the character of the corporators as doing business under a claim of individual exemption, and those who deal with them may properly enough be required to take notice of it.

It is urged by the appellees that, as there is no provision for preservation of proof of publication, a great hardship might accrue to stockholders by reason of loss of proof, if a failure to publish is held to render them individually liable. To this we think it is sufficient to say that the burden of proving the failure rests upon the party who asserts the liability. Such is evidently the meaning of the statute. Now, where publication is actually made, we think that there is little danger that a creditor would succeed in adducing satisfactory evidence that it had not been made.

In our opinion the demurrer was improperly sustained, and the judgment must be

REVERSED.