## MARSHALL v. HARRIS ET AL.

1. **Corporation:** FAILURE TO· PUBLISH NOTICE: LIABILITY OF STOCKHOLDERS. Stockholders in a corporation which has failed to comply with the requirements of the law necessary to render their property exempt from corporate debts are primarily liable for such debts, and may be sued without the property of the corporation being first exhausted.

*Appeal from Louisa Circuit Court.*

MONDAY, DECEMBER 13.

THE plaintiff is a creditor of an association of persons who did business together under the name of The Co-operative Store of Morning Sun and Vicinity. The defendants were members of the association. The plaintiff recovered·a judgment upon his claim against the association, and collected a portion of it. This action is brought to recover the balance of the defendants; the claim against them being based upon the ground that while the members of the association adopted articles of incorporation, providing for exemption from individual liability, they failed to comply with the law in respect to the publication of notice, and did not, therefore, succeed in exempting themselves from individual liability.

The defendants for answer aver, in substance, that the plaintiff dealt with the association as a corporation formed and acting under the laws of Iowa, and accepted a promissory note for his claim, signed by persons acting as officers of the corporation, and by reason of such deal, and the acceptance of such note, he is estopped from denying the corporate character of the association. They further aver, in substance, that the association made an assignment to one Delzell; that the plaintiff's judgment, upon which this action is brought, was rendered against Delzell as assignee, and that one of the payments made upon the judgment was made by him; that he is still assignee and has funds in his hands for the discharge of the debts of the association.

To the answer the plaintiff demurred, and the demurrer was sustained and judgment rendered for the plaintiff. The defendants appeal.

*Charles Baldwin*, for appellants.

*Sprague & Riley*, for appellee.

ADAMS, CH. J.—Section 1068 of the Code provides that a failure to comply with the law substantially in respect to publicity renders the individual property of the stockholders liable for the corporate debts. In *Eisfeld v. Kenworth*, 50 Iowa, 389, a question arose in regard to this identical association as to whether the failure to publish notice, which is conceded, was such a failure to comply with the law as was sufficient to render the individual property of the stockholders liable, and it was held that it was.

1. CORPORA-
TION: failure
to publish no-
tice: liability
of stockhold-
ers.

Such having been the ruling in that case, these defendants do not, as we understand, seriously contest the question of their liability, but they contend that the plaintiff should not be allowed to enforce his claim against them until he has exhausted his remedy against the assignee. But in our opinion the defendants, under the section of the Code above cited, became primarily liable for the debts of the association, and might have been sued in the first instance. Their relation to creditors is not, we think, different from what it would have been if no attempt had been made at incorporation. Credit is presumed to have been extended in reliance upon the individual liability of the members. In our opinion the demurrer was properly sustained.

AFFIRMED.