HEUER & BROCKSCHMIDT, Appellees, v. LOUIS CARMICHAEL, Appellant.

1. **Corporations**: ORGANIZATION: DEFECTIVE ARTICLES: LIABILITY OF STOCKHOLDERS. Where the articles of incorporation for a corporation organized for pecuniary profit do not fix the highest amount of indebtedness to which the corporation may be subjected, there is such a failure to substantially comply with the requirements of the statute as will render the individual property of the stockholders in such company, under section 1068 of the Code, liable for the corporate debts.

2. ——: ——: NOTICE: PUBLICATION. While the notice of incorporation required to be published by section 1062 of the Code may be complied with by the publication of the articles of incorporation themselves, when in proper form, yet if the articles published are defective in any material point such notice will, likewise, be defective.

3. ———: DEFECTIVE ARTICLES: CREDITORS: ESTOPPEL. A creditor of a corporation not duly organized will not be estopped from asserting his claim against the property of the individual stockholders of such company, as provided by section 1068 of the Code, because of having maintained an action on such claim against the company.

*Appeal from Tama District Court.*—Hon. G. M. Gilchrist, Judge.

Monday, February 9, 1891.

Action under section 1068 of the Code, to charge the defendant with a judgment due to the plaintiffs from the Tama Furniture Company, upon the ground that the defendant, with others, organized said company as a corporation; that in doing so they failed to comply substantially with the requirements of the Code in relation to organization and publicity in certain respects stated; that the company has no property; and that the defendant is still a member and stockholder thereof. The defendant denies that the corporation was not organized in substantial compliance with law, and alleges that the plaintiffs, having dealt with said company as a corporation, and brought suit and recovered judgment against it as such, they are estopped from now asserting that it was not legally organized. The case was submitted to the court, and judgment rendered for plaintiffs. Defendant appeals.—*Affirmed.*

*Struble & Stiger*, for appellant.

*W. H. Stivers*, for appellees.

Given, J.—I. The appellees contend that the assignment does not sufficiently specify the very errors objected to. In our view of the pleadings the assignment is sufficiently specific. Though the petition is in two counts, the sole relief asked is to charge the defendant with the judgment against the corporation.

II. Section 1068 of the Code, under which it is sought to charge this defendant, contains this provision: "A failure to comply substantially with the foregoing requisitions in relation to organization and publicity renders the individual property of the stockholders liable for the corporate debts." Section 1061 provides that "such articles of incorporation must fix the highest amount of indebtedness or liability to which the corporation is at any time to be subjected." The articles under notice do not fix any amount. In determining whether this is a substantial failure, we must ascertain the purpose of this requirement. Those dealing with such corporations may know, in a general way, at least, the extent of their assets, but cannot know the extent of their liabilities. If a limit is fixed in the articles, then the creditors may not only know the extent of the assets, but also the extent of the liabilities that may be lawfully contracted, and decide therefrom the amount to which they will give credit. It is the law that a creditor may recover, even though his debt is in excess of the limit fixed; not, however, because the fixing of a limit is immaterial, but because the corporation, having received value, is estopped from pleading its own failure to comply with the law. *Langan v. Construction Co.*, 49 Iowa, 317; *Humphrey v. Ass'n*, 50 Iowa, 607; *Garrett v. Plow Co.*, 70 Iowa, 697; *Warfield v. Canning Co.*, 72 Iowa, 666.

If the creditor may recover when the debt exceeds the limit fixed, surely he may, for the same reasons, recover when there has been a failure to fix any limit. The materiality of this requirement is emphasized by the fact that "the highest amount of indebtedness to which the corporation is at any time to subject itself must be contained in the notice required to be published. We are of the opinion that this omission was a failure to comply substantially with the requirements of section 1061.

III. Section 1062 requires that notice containing certain statements must be published "for four weeks

*Margin note: 1. CORPORATIONS: organization: defective articles: liability of stockholders.*

2. ——: ——:
notice: publi-
cation.
in succession in some newspaper." The only publication made was of the articles of incorporation. As these are required to contain all the matters to be stated in the notice, the publication thereof, instead of a notice, would be a substantial compliance with the law, if the articles contained all the required statements. We have seen that these articles did not fix the highest amount of indebtedness; consequently, their publication did not give notice of the limit, as required by section 1062.

IV. The appellees sold goods and gave credit to the Tama Furniture Company as a corporation. They

3. ——: defect-
ive articles:
creditors:
estoppel.
brought suit against it for the goods sold, alleging that it was a corporation, and obtained judgment and execution against it as such. The appellant contends that, because of these facts, the appellees are estopped from now asserting that the company was not a duly-organized corporation. To so hold would be to deny to all creditors of corporations a right to charge the individual property of stockholders under section 1068. To charge the stockholder there must be a corporate debt with which to charge him. There can be no corporate debt unless the creditor has dealt with and given credit to the corporation as such. The basis of his action against the stockholder is that he has dealt with and given credit to the stockholders' company as a corporation. If to have done this estops the creditor from asserting a substantial failure in "organization and publicity," then the section affords no remedy to anyone. It is not a question whether the company has a legal existence as a corporation, but whether there has been such failure to comply with the requirements of the statute as makes the individual property of stockholders liable for corporate debts. That appellees continue to treat the company as a corporation in their action against it affords no additional reason why they should be estopped. They might rightfully treat the company as being what it assumed to be,—a corporation,—and,

failing to make their debt in that way, invoke the aid of section 1068. The doctrine of estoppel has no application. The cases of *Pochelu v. Kemper*, 14 La. Ann. 308; *Yard v. Ins. Co.*, 10 N. J. Eq. 480, and *Estey Mfg. Co. v. Runnells*, 55 Mich. 130, cited by the appellant, as supporting the claimed estoppel, are not in point, for the reason that in neither was there a statute like ours to control. The plaintiffs' action against the corporation was not an election of remedies. It was their right, after judgment against the corporation, to pursue this remedy against the alleged stockholders.

Our conclusion is that the judgment of the district court should be AFFIRMED.