W. L. THORNTON, Appellant, v. A. H. BALCOM, *et al.*,
Appellees.

1. **Private Corporations:** ARTICLES OF INCORPORATION: STATUTORY
REQUIREMENTS. The provision in articles of incorporation that the
total indebtedness of such corporation "shall not at any one time
exceed three hundred dollars, except by a majority vote of the stock-
holders present at a called or annual meeting," is a substantial com-
pliance with the provisions of section 1061 of the Code, that such
articles must fix the highest amount of indebtedness or liability to
which the corporation is at any time to be subject.

2. ————: NOTICE OF INCORPORATION: SUFFICIENCY. The publication of
an abstract of such articles of incorporation, containing all the
requirements of the notice of incorporation provided for by statute
and stating that" the indebtedness of the company shall not exceed
three hundred dollars at any one time," is a sufficient notice under
section 1062 of the Code.

3. ————: ————: ACTUAL NOTICE SUPERSEDES PUBLICATION OF. A person
dealing with a corporation as such, and before the time that notice of
incorporation is required to have been published, is not entitled, under
section 1068 of the Code, to have the individual property of the stock-
holders of such corporation subjected to the payment of a debt of the
corporation growing out of such dealing, upon the ground that the
publication of the notice of incorporation was not completed before
the expiration of three months after the recording of the articles of
incorporation, as required by section 1064 of the Code. Whether the
individual property of stockholders could in event be held liable
because of such omission, *quære.*

4. ————: SUBSCRIPTION TO STOCK. The absence of any provision in
articles of incorporation fixing the amount of capital stock which
must be subscribed before the corporation may commence business,
will not render the individual property of the stockholders liable for
corporate debts if the corporation commences business before the full
amount of the capital stock has been subscribed.

*Appeal from Hardin District Court.*—HON. JOHN L.
STEVENS, Judge.

TUESDAY, MAY 17, 1892.

THE defendants are stockholders in a corporation
known as the "Lawn Hill Co-operative Creamery Company." The said corporation was indebted to the
plaintiff. He brought an action against the corporation, and recovered a judgment, and collected a part
thereof from the corporation. Subsequently he
brought this action to recover of the defendants the
balance of his claim, upon the ground that the stockholders are individually liable for the debts of the corporation because of a failure to comply with the statute
in the organization of the corporation. The trial was
had before the court without a jury, and there was a
judgment for the defendants for costs. The plaintiff
appeals.—*Affirmed.*

*C. E. Albrook*, for appellant.

*J. L. Carney*, for appellees.

ROTHROCK, J.—The law pertaining to the organization of corporations for pecuniary profit is to be
found in chapter 1, title 9 of the Code.

**1. PRIVATE corporations: articles of incorporation: statutory requirements.** Certain acts are prescribed as necessary
to be done to organize such a corporation,
which include the publication of notice, the
filing of the articles of incorporation, and
the recording of the same in the office of the secretary
of state. After making these provisions pertaining to
organization and publicity, section 1068 is as follows:
"A failure to comply substantially with the foregoing
requisitions in relation to organization and publicity
renders the individual property of the stockholders
liable for the corporate debts." There is no question

that articles of incorporation were adopted. Section 1061 of the Code requires that "such articles of incorporation must fix the highest amount of indebtedness or liability to which the corporation is at any time to be subject, which must not exceed two-thirds of the capital stock." The articles of incorporation recited that "the total indebtedness of this corporation shall not at any one time exceed three hundred dollars, except by a majority vote of the stockholders present at a called or annual meeting." It is claimed that this was not a compliance with the law, because it does not fix the amount of indebtedness, but leaves it to be changed by a vote of a majority of the stockholders, whereas by another provision of the articles it is provided that the articles of incorporation cannot be changed except by a two-thirds vote. The argument of counsel for the appellant proceeds upon the theory that the amount of authorized corporate debt must be fixed and stable, and not subject to change. In our opinion it was so fixed, and the fact that it might be changed by an increase or diminution is no departure from the requirements of the statute. The manner in which the change may be effected does not affect the right, and is not a failure to substantially comply with the statutory requirement.

II. Section 1062 of the Code requires that "a notice must also be published for four weeks in succession in some newspaper as convenient as practicable to the principal place of business." It is urged that no notice was published. The fact is that the company published what purported to be "Articles of Incorporation of the Lawn Hill Co-operative Creamery Company." This was a synopsis or abstract of the articles of incorporation, and contained all of the requirements of the statute for a notice. It answered all of the purposes of a notice, and was a substantial compliance with the statute.

2. ——: notice of incorporation: sufficiency.

See *Heuer v. Carmichael*, 82 Iowa, 288. The provision in the published notice in regard to the indebtedness is as follows: "The indebtedness of the company shall not exceed three hundred dollars at any one time." It is claimed that this is not a true statement of the amount of the authorized indebtedness. It appears to us that it is just such a statement as the law required. It was the amount of indebtedness then authorized, and it was wholly unnecessary to publish the manner in which the limit of indebtedness might thereafter be increased or diminished.

III. Section 1064 of the Code provides that "the corporation may commence business as soon as the articles are filed in the office of the recorder of deeds, and their doings shall be valid if the publication in a newspaper is made, and articles recorded in the office of the secretary of state, within three months from the filing in the recorder's office." The fact is that the publication was made in a newspaper within three months, but it was not completed. There was but one publication before the expiration of the ninety days. It is claimed by counsel for the appellant that the failure to complete the publication within ninety days was a substantial non-compliance with the statute. It was held in *Eisfeld v. Kenworth*, 50 Iowa, 389, that where there was an entire failure to publish the notice at any time, there was such a failure to comply with the requirements of the statute that the stockholders were individually liable for the corporate debts. The decision in the cited case was followed in *Marshall v. Harris*, 55 Iowa, 182. In *Bank v. Davies*, 43 Iowa, 424, it was held by a majority of the court that the filing of articles of incorporation in the office of the secretary of state is not essential to the validity of a corporation, nor will a failure to file them render the private property of stockholders liable for the debts of the corporation. We

3. ——: ——: actual notice supersedes publication of.

cite this case as showing that a literal compliance with the statute is not required. Under the statute a substantial compliance is sufficient. The object of the publication of the notice of the organization of the corporation is that parties dealing with it may know or be charged with knowledge that they are not dealing with natural persons, but with a corporation. By section 1064 of the Code, the corporation is authorized to commence business as soon as the articles are filed in the recorder's office, and the publication is not required to be made at once, but may be made within three months. Parties dealing with the corporation in the meantime have no ground for complaint that a publication has not been made. In other words, the rights of parties are not made to depend upon the publication of a notice immediately upon the filing of the articles for record with the county recorder. Our inclination is to hold that, if the publication be inserted in the newspaper within the three months, it ought not to be held a failure to substantially comply with the statute that the last publication was not made within that time. But it is really not necessary to determine the question in this case, and we do not determine it. The reason that it is not necessary is that the evidence quite satisfactorily shows—at least the court was fully authorized by the evidence in finding—that when the plaintiff made the contract upon which his judgment against the corporation was founded, he knew he was dealing with a corporation, and he made his contract before the time that the publication was required to be made. Under this state of facts it ought not to be held that the plaintiff had no notice of the organization of the corporation.

IV. The authorized capital stock of the corporation, as shown by the articles of incorporation, was three thousand dollars, in shares of ten dollars each. There was about one thou-

4. ——: subscription to stock.

sand dollars of stock subscribed. The plaintiff claims that the failure to secure three thousand dollars of stock created a personal liability against those who did subscribe. It is sufficient to say in answer to this position that there is no requirement in the articles of incorporation that all of the stock should be subscribed before commencing business, nor that any definite sum should be subscribed, as in the case of *Tama Water-Power Co. v. Hopkins,* 79 Iowa, 653.

Our conclusion is that there was no failure to substantially comply with the statute in the matter of organization and publicity, and this disposition of the case renders it unnecessary to determine other questions discussed by counsel. The judgment of the district court is AFFIRMED.