W. A. PARK, Trustee, Appellant, v. A. J. ZWART, MARTIN TUTTLE *et al.*

Incorporation: Individual Liability: NOTICE. Publication of articles stating that the corporation's highest indebtedness shall be "two thirds of the capital stock subscribed" is a sufficient compliance with Code, section 1063, which requires the "highest amount" to be stated, to prevent the incorporators becoming individually liable for the debts of the corporation.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

WEDNESDAY, OCTOBER 10, 1894.

PLAINTIFF, a judgment creditor of an insolvent corporation known as the Des Moines Baseball Association, asks to charge the defendants, as stockholders in said corporation, with said indebtedness, upon the following grounds: "That in organizing said corporation no notice was published, and especially no notice stating the highest amount of indebtedness to which said corporation was to be subject, and the articles of incorporation did not fix the highest amount of said indebtedness to which the corporation should be at any time subject." Defendant Tuttle answered, admitting that he is a stockholder, and defendant Zwart admitted that he subscribed for stock on condition that a certain number of shares should be subscribed, and alleging that said number were not subscribed. They denied every other

allegation in the petition.    The case was tried to the court, and judgment entered against the plaintiff, from which he appeals.—*Affirmed.*

*Henry S. Wilcox* for appellant.

*Dudley & Coffin* and *F. A. Sherman* for appellees.

GIVEN, J.—The only notice published of the incorporation of the Des Moines Baseball Association was a publication of its articles of incorporation for the time and in the manner provided in section 1063 of the Code for the publication of such notices.    In *Heuer v. Carmichael*, 82 Iowa, 288, 47 N. W. Rep. 1034, it is held that the publication of the articles, instead of a notice, is a substantial compliance with the law, "if the articles contained all the required statements."    Said section 1063 requires that said notice shall contain "the highest amount of indebtedness to which the corporation is at any time to subject itself."    The articles published provide as follows:    "The limit of its indebtedness shall be two thirds of the amount of the capital stock subscribed;" also, that "the capital stock of the association shall be ten thousand dollars, divided into shares of fifty dollars each, and shall be issued and paid for in such sums and at such times as the board of directors may require."    Section 1068 of the Code is as follows:    "A failure to comply substantially with the foregoing requisitions in relation to organization and publicity, renders the individual property of the stockholders liable for the corporate debts.    But this section shall not be deemed applicable to railway corporations and corporators, and stockholders in railway companies shall be liable only for the amount of stock held by them in said companies."    Appellant contends that the limit of indebtedness, as fixed in the articles and published, was not a substantial compliance with the requirements in relation to organization

and publicity. He contends that a definite sum should be named, and that to fix "two thirds of the amount of the capital stock subscribed" as the limit is indefinite and variable. In *Thornton v. Balcom*, 85 Iowa, 198, 52 N. W. Rep. 190, the articles provided "that the total indebtedness of this corporation shall not exceed three hundred dollars, except by a majority vote of the stockholders present at a called or annual meeting." It was contended in that case, as in this, that as the limit might be changed it was indefinite and uncertain, and that it must be fixed and stable, and not subject to change. The court says: "In our opinion it was so fixed, and the fact that it might be changed by an increase or diminution, is no departure from the requirements of the statute." The amount of the capital stock subscribed was ascertainable at any time, and thereby the limit definitely known. That it might be changed by additional subscriptions did not render it less definite, and "is no departure from the requirements of the statute." Our conclusion is that there was no failure to comply substantially with the requirements of the statute in relation to organization and publicity, and that the judgment of the district court should be AFFIRMED.