115   674
f134   314
134   315
134   488

BERKSON, HUGHES & COMPANY v. CHARLES N. ANDERSON,
*et al.,* Appellants.

Notice of Incorporation: INSUFFICIENT PUBLICATION. Under a statute providing that a notice of incorporation must be published in some newspaper as convenient as practicable to the principal place of business of the corporation, the publication of such

notice in a newspaper published weekly in a small town more than 60 miles by rail from the place of business of a corporation, was not such a publication as to meet the requirements of the statute, when the corporation's place of business was in a large commercial city, having a number of daily newspapers with a large circulation, and numerous other papers of more or less general circulation.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

THURSDAY, OCTOBER 3, 1901.

THE plaintiffs are creditors of the Union Dry Goods Company, a corporation organized under the laws of this state, and bring this action against the defendants as stockholders in said corporation, alleging a failure to comply with the statute in publishing the notice of incorporation. The place of business of the Union Dry Goods Company was in Sioux City, and the only notice of the incorporation thereof was published in the *Danbury Review,* a weekly newspaper published in the town of Danbury, Woodbury county. The town has a population of about 800, and is distant from Sioux City by wagon road 56 miles, and by railroad 64 miles. A demurrer to the answer was sustained, and a judgment rendered for the plaintiffs upon the pleadings. The defendants appeal.—*Affirmed.*

*A. L. Beardsley* and *Wright, Call & Hubbard* for appellants.

*Lohr, Gardner & Lohr, Geo. Conway, O. C. Strong, T. G. Henderson, L. M. Keen* and *R. H. Brown* for appellees.

SHERWIN, J.—There can no longer be any question in this state as to the individual liability of stockholders in an ordinary corporation, where there has been a failure to organize, or to give publicity of their exemption from corporate debts substantially as required by the statute. This is

purely a statutory liability, which attaches upon the failure
to do that which the statute says must be done to create the
exemption of private property from corporate debts.  Where
the statute governing its creation has been substantially
complied with, no individual liability exists.  Where it shall
be judicially determined that there has been a failure in this
respect, the individual liability exists, and can be enforced.
The sole question presented for our determination in this
case is whether the publication of the notice of incorporation
in the *Danbury Review*, a newspaper published weekly in a
small town more than 60 miles by rail from the place of bus-
iness of the corporation, was such a publication as to meet the
requirements of the statute, when considered in the light of
the facts that the corporation's place of business was in a
large commercial city, having a number of daily papers with
a large circulation, and, in addition thereto, numerous other
papers of more or less general circulation.  The statute pro-
vides that "a notice must be published   *   *   *   in some
newspaper as convenient as practicable to the principal place
of business" of the corporation.  We have held in numerous
cases that the requirement of the statute is to give as wide
notice as possible, to those who may deal with the corpora-
tion, of its nature and character, and of the restrictions, if
any, under which it intends to act in its corporate capacity.
Corporations for pecuniary benefit have been organized in
all parts of the state, in large cities, in small towns, and in
rural communities, and one of the advantages recognized by
incorporators who are about to engage in business is that by
proper proceedings no liability is assumed beyond the
amount of stock subscribed for.  But corporations may be
legally organized in whose articles there is no limitation
which exempts the individual property of its stockholders,
hence the requirement that the notice make disclosure on this
question;  for, if the creditor has no notice or knowledge
that such exemption is to be claimed, he has the right to as-
sume that it will not be claimed, and may then extend credit

on the faith of the individual responsibility of the stock-
holders, as well as upon the responsibility of the corpora-
tion itself; and, while he might be knowingly dealing with a
corporation, he is not bound to know that he is limited to
corporate property to secure his debt, unless the requisite
notice has been given.   In the enactment of this statute the
legislature undoubtedly had in view the fact that corpora-
tions might organize under the law in any place in the state,
and it must always be applied in the light of the facts and
circumstances surrounding each case.   The word conven-
ient has many definitions, but as used in this statute it seems
to us that   but one thought in relation thereto could have
been in the minds of the makers of the law.   The require-
ment that the notice be published in some newspaper as
"convenient as practicable to the principal place of business"
of the corporation means that it shall be published in the
nearest or "most handy" paper suitable therefor.   Any other
construction of the language used, in view of the general
context, would be strained and unnatural. The law will not
make fine distinctions in such matters, and, indeed, the stat-
ute itself provides, and we have held in accordance there-
with, that a substantial compliance with its terms is all that
is necessary.   We must hold, however, that the publication
of   the   notice   under   consideration   was   not   in   sub-
stantial   compliance   with   the   law,   otherwise   no   limits
can be prescribed within which such a notice may not be
legally published.   We have repeatedly held that an entire
failure to publish the facts which shall exempt the individ-
ual property of the stockholder, whether in the form of  a
notice or in the form of the articles of incorporation, renders
his property liable.   *Eisfeld v. Kenworth,* 50 Iowa, 389;
*Marshall v. Harris,* 55 Iowa, 182; *Clegg v. Grange Co.,* 61
Iowa, 122; *Heuer v. Carmichael,* 82 Iowa, 288.   The pub-
lication of the notice before us, not being in substantial com-
pliance with the statute as to place, must be held to be no
notice at all, and consequently no protection to the defend-

ants.   In *Seaton v. Grimm*, 110 Iowa 145, the notice was in fact published at the proper place, but not within the required time, and it was held that the plaintiffs, being stockholders and incorporators, could not take advantage of their own failure.   Our holding here is not in conflict with that case.   The judgment of the district court is AFFIRMED.