BRINKLEY CAR WORKS & MANUFACTURING COMPANY, Appellant v. E. C. CURFMAN and W. C. ALDRICH, Appellees.

**Corporations:** DEFECTIVE ORGANIZATION: PERSONAL LIABILITY OF STOCK-
1  HOLDERS.    To charge stockholders with a personal liability for corporate debts there must be some essential defect in the

articles of incorporation or the published notice thereof, where there is an express exemption from such liability; and the mere omission of the articles and notice to state the terms on which the amount of stock is authorized, in excess of the amount issued on organization, will not create such liability, where the notice given disclosed that the corporation would start business with a certain stock issue, and creditors contracted understandingly on that basis.

**Same.** The statute creating a personal liability of stockholders for corporate debts relates only to defects in organization and publicity, and not to errors arising from the subsequent conduct of the corporate business.

*Appeal from Page District Court.*— HON. A. B. THORNELL, Judge.

TUESDAY, DECEMBER 10, 1907.

ACTION at law under the statute to recover of defendants, as stockholders in the Dalbey Lumber Company, a corporation, the value of certain lumber sold by plaintiff to said corporation. A demurrer to the petition was sustained, and the plaintiff appeals.— *Affirmed.*

*W. P. Ferguson* and *Earl R. Ferguson,* for appellant.

*Parslow & Peters* and *A. F. Harvey,* for appellees.

BISHOP, J.— According to the petition, the articles of incorporation of the Dalbey Lumber Company, which are set out in connection with the petition, were adopted in May, 1905. One of the provisions of the articles is that the principal place of business of the corporation shall be at Shenandoah, Iowa, and that the corporation shall commence business as soon as the articles are filed for record as provided for by law. A further provision is that "the capital stock of the corporation authorized shall be $50,000, the amount of which to be issued at commencement of business shall be $20,000, which shall be actually paid up at the time." A further provision is that the private property of stockholders

shall not be liable for corporate debts.    The petition alleges
that the articles were recorded in the office of the Secretary
of State June 9, 1905, and that a certificate of that officer
issued on the same day; that notice of incorporation was
had by publishing the articles of incorporation in full for
the time and in the manner required by law, proof thereof
being filed with the Secretary of State July 10, 1905.    It
is then alleged that at the time of organization stock was
subscribed for in the sum of $20,500 as follows:    By. de-
fendant Curfman $1,000; by defendant Aldrich $2,500;
by Briggs $10,000; by Dalbey, $5,000; and by Anderson
$2,000.    And it is said that the stock so subscribed for was
fully paid in on and prior to July 6, 1905, except that Dal-
bey paid nothing.    An allegation follows that on separate
dates, beginning with August 3, 1905, and ending with
October 6, 1905, plaintiff sold and delivered to the said Dal-
bey Lumber Company on its written orders eight cars of
oak lumber; that delivery was made at Brinkley, Ark., and
the cars billed to various persons as consignees at various
places other than Shenandoah.    The value of such lumber
in the aggregate is alleged, as also that the amount is unpaid.
The insolvency of said corporation as of the time of the com-
mencement of this action — January, 1906 — is then al-
leged, and that it has been adjudged to be a bankrupt in
proper proceedings and found to be without substantial as-
sets.    Plaintiff says that it had no notice of the matters re-
lating to said corporation, except such as was constructively
given by the published notice of incorporation, and the peti-
tion concludes by declaring for a personal liability on the
part of defendants and demand for judgment.    By the de-
murrer, it is insisted that the corporation is shown to have
been legally organized, and that as the business with plain-
tiff was done by such corporation, and not in faith of any
personal responsibility, defendants cannot be held to any
liability.

The formation of a corporation, and the grounds or

conditions out of which may arise a personal liability on the part of a stockholder, are matters of statutory regulation.

1. CORPORATIONS: defective organization: personal liability of stockholders.

Before going to the arguments of counsel, therefore, we may properly turn to the statute, and take note of such material provisions as were existing at the time of the transactions here in question. To begin with, we find that, on the subject of capital stock proposed to be issued, the Code is conspicuous for its silence. There is no requirement in terms respecting what must be included in the articles of incorporation on the subject. Nor is there any provision prescribing the time, manner, or conditions on which stock may be issued, respecting the amount that may be issued, or the matter of how, when, or in what way the same shall be paid for. As far as material to any present inquiry, the sole reference to the subject is found in section 1613, which is the section making requirement that notice of the incorporation shall be published, and therein it is provided that the published notice shall state, among other things, the amount of capital stock authorized, and the time and conditions on which it is to be paid in; also, whether private property is to be exempt from corporate debts. Two other provisions only need be noticed. By section 1614 the corporation is authorized to begin business as soon as the certificate of the Secretary of State is issued to it. And by section 1616 it is provided that a failure to substantially comply with the prescribed requirements in relation to organization and publicity shall render the individual property of the stockholders liable for the corporate debts.

Recurring now to the petition, it is to be observed that there is no allegation pointing out in terms the specific matters on which the claim for personal liability is made to rest. It is said in argument for appellant, however, that two grounds appear: (1) That in the organization of the corporation there was a failure to comply with the requirements of Code, section 1613, for that in the articles of in-

corporation, which were published as the notice, there is not a word or intimation as to the terms and conditions on which the amount of stock authorized, in excess of the amount provided to be issued on organization, shall be paid in; (2) that there was no right on the part of the corporation to commence business and contract indebtedness until the amount of the stock provided to be issued on organization and subscribed for had been fully paid in.   We cannot concede merit in either proposition.   Speaking to the first, it will be remembered that the provision of the personal liability statute is that there must be a substantial compliance with the requirements in respect of organization and publicity.   As to plaintiff, a creditor, this should be taken to mean that there must have been compliance to the extent that nothing essential to corporate existence was omitted from the articles of incorporation or their due execution and filing; and, in respect of publicity, that notice was given of every fact incident to organization made material by the statute, and in the form and manner as by the statute required.   As we have seen, no attack is made on the corporation because of any defect in organization.   The complaint is of a failure to give notice as required.   The object of notice is twofold — to charge all persons with knowledge of corporate character, and to impart knowledge as to the extent of the powers and the measure of the responsibilities assumed by the corporate body.   And, as substantial compliance only is exacted, it would seem to follow as a necessary corollary that errors, either of omission or commission, which are purely technical in character, and not likely to disturb the general policy of the statute or work injury to an appreciable extent to any one dealing with the corporation, ought not to be given force to charge personal liability upon a stockholder.   This view finds direct support in *Seaton v. Grimm,* 110 Iowa, 145.

In the case before us the error, if such it was, in the publication of notice, was one purely of omission.   In re-

spect of that portion of the capital stock authorized which it was not presently proposed to issue, the times and conditions of payment were not stated.  But we cannot see how plaintiff was in any sense or to any degree prejudiced by this.  The notice given made known the fact that the corporation proposed to start business with an issue of $20,000 of capital stock, and no more, and plaintiff contracted with the corporation understandingly on that basis.  It is not possible, therefore, that it could have been misled to its injury, because, as to stock not proposed to be issued, and concerning which it was not known that it ever would be issued, there was no statement as to the times and conditions of payment to be enforced should an issue be determined upon.  What would be the situation if there had been an issue of the entire capital stock authorized, or if such was contemplated, we need not stop to inquire.

Coming to the second proposition, it is sufficient to say that the personal liability statute upon which the action is based has relation only to defects in organization and publicity.  It does not have application to errors arising out of the subsequent conduct of the business of the corporation, either as between the corporation and its stockholders, or between the corporation and the general public.  For errors thus arising, if complainable at all, the relief must be sought otherwhere than under the particular statute here invoked.

2. SAME.

The decree was correct; and it is *affirmed.*