W. E. COMSTOCK, Appellant, v. L. A. WOOD, Administrator, et al., Appellees.

CORPORATIONS: Stock—Payment in Property Other Than Money.
1 Where due authorization is obtained to pay for corporate stock with personal property other than money, the unquestioned assumption by the corporation, upon the issuance of stock, of full ownership of such personal property is equivalent to a formal bill of sale of such property.

CORPORATIONS: Incorporation—Notice—Sufficiency. A notice of incorporation sufficiently states the *time* of the commencement and termination of the corporation, the amount of capital stock *authorized,* and the *time and conditions* in which it is to be paid in, (1) by a recital that the business should begin on the date of the issuance of the official certificate of incorporation and continue for a named time, and (2) by a recital of the amount of capital stock, and that it should be fully paid before the corporation began business.

CORPORATIONS: Stockholders—Nonpersonal Liability Under Defective Notice. The fact that a published notice of amendment to the articles of incorporation of a validly organized corporation does not state the *terms and conditions* upon which an issue of increased capital stock is to be paid, does not render a stockholder personally liable for the corporate debts, as regards a creditor who, at the time of extending credit, had *explicit knowledge* of such terms and conditions.

Headnote 1: 14 C. J. p. 437. Headnote 2: 14 C. J. p. 144. Headnote 3: 14 C. J. p. 984.

Headnote 1: 42 L. R. A. 593; 7 R. C. L. 262.

*Appeal from Pocahontas District Court.*—F. C. DAVIDSON, Judge.

DECEMBER 13, 1927.

A proceeding in probate and an action in equity against the estate of Lee S. Straight were consolidated and tried together in the district court. Recovery was sought against the estate, upon the theory that decedent, a stockholder in the Auburn Brick & Tile Company, of Auburn, Iowa, is liable for certain indebtedness of the corporation to the plaintiff. Decree

dismissing the claim in probate and the petition in equity, and the plaintiff appeals.—*Affirmed*.

*Robert Healy*, for appellant.

*Havner, Flick & Powers* and *Frank Fairburn*, for appellees.

STEVENS, J.—For many years, the decedent and two brothers, H. R. and Guy H. Straight, were engaged in the manufacture and sale of clay products at Auburn, Iowa, as a copartnership, under the firm name and style of the Auburn Brick & Tile Company. In the fall of 1912, they filed articles of incorporation, providing for a capital of $100,000. At the same time, an application was filed for permission to pay the capital with the property of the copartnership and certain real property, title to which was held in the names of the respective partners. In due time, a certificate authorizing the corporation to commence business was issued by the secretary of state.

Later, and in 1918, the same parties, who were the owners of all of the stock of the corporation, adopted an amendment to the articles, providing for an increase of the capital of the corporation to $250,000, and, together with an application for permission to pay the increased capital in property, filed the same with the secretary of state. In due time, the appropriate certificates were issued by the secretary of state. The old stock of the corporation was surrendered, and new stock issued for $200,000. In addition thereto, stock of the par value of $14,000 was sold.

The claim filed against the estate of decedent is based upon a series of negotiable promissory notes executed by and in the name of the corporation to the appellant. The aggregate amount due thereon at the time the claim was filed was in excess of $36,000. Either concurrently with the filing of the claim or a few days later, appellant filed a petition in equity against the administrator. Both the claim and the cause of action in equity against the estate were predicated upon the alleged personal liability of the decedent as a stockholder of the corporation.

Three propositions are argued by appellant. They are: (a) That the property of the copartnership was never conveyed

to the corporation, and hence the capital was never paid in; (b) that the notice of the original articles of incorporation and of the amendment thereto did not substantially comply with the requirements of the statute; and (c) that the indebtedness of the corporation, if any, was in excess of that allowed by law. We will dispose of the foregoing propositions in the order stated.

I. The property of the copartnership consisted of the plant, equipment, machinery, etc., which were fully described and itemized in the application to the executive council for permission to pay the capital in property, and there was included therein certain real estate, title to which was held in the name of the individual partners. The property was appraised, as required by law, and thoroughly inspected by an engineer appointed by the executive council. Deeds conveying the real estate to the corporation were duly executed, and the property of the copartnership was taken over thereby and entered upon its books. No bill of sale or other conveyance was executed to the corporation. The property was, however, at all times held by, and treated as the property of, the corporation. The stock was issued and the business conducted in the corporate name. A formal transfer thereof could not have more effectually vested the title to the personal property in the corporation than did the entry thereof on the books thereof, the assumption of ownership thereby, and the issuance of stock based thereon. There was at this point substantial compliance with the statute.

1. CORPORATIONS: stock: payment in property other than money.

II. The alleged defects of the notice required by Section 1613, Code of 1897 (Section 8357, Code of 1924), to be published, may be summarized as follows: That it did not specify the amount of capital stock authorized or the times and conditions on which it was to be paid; that it did not state the date on which the corporation would commence business, nor the duration of the corporation. The notice recited that the capital stock of the corporation should be $100,000, to be divided into shares of $100 each, and to be fully paid before the corporation began business, and that the business should begin on the date the secretary of state issued the certificate, and would continue for twenty years thereafter. It is true that the capital was to be paid in property, but the statute requires only that the

2. CORPORATIONS: incorporation: notice: sufficiency.

times and conditions on which it is to be paid shall be stated. The statement in the notice that it was to be paid before the corporation should commence business sufficiently met the requirements of the statute. The notice substantially complied with all statutory requirements. *Thornton v. Balcom,* 85 Iowa 198; *Brinkley Car Works & Mfg. Co. v. Curfman,* 136 Iowa 476; *Union Tr. & Sav. Bank v. Blair-Harper Seed Co.,* 200 Iowa 374.

The published notice of the amendment to the articles increasing the capital to $250,000 is less specific. It did not state the terms or conditions upon which the capital should be paid in. The application to the executive council for authority to pay the capital in property included the original property of the corporation, together with accumulations, the total value of which, it was alleged, exceeded $250,000. The claim is that the business of the corporation prospered, and that its property had so far enhanced in value as to justify an increase in capital. The property was duly appraised by competent appraisers, and again inspected by an engineer selected by the executive council. Appellant herein was one of the appraisers, both when the incorporation was originally formed and when the amendment to its articles was adopted, so that he must have had full notice of the assets of the corporation and the form in which its capital was paid.

3. CORPORATIONS: stockholders: non-personal liability under defective notice.

Section 1616, Code of 1897 (Section 8362, Code of 1924), provides that:

"A failure to substantially comply with the foregoing requirements in relation to organization and publicity shall render the individual property of the stockholders liable for the corporate debts."

Section 1631, Code of 1897 (Section 8394, Code of 1924), is as follows:

"Neither anything in this chapter contained, nor any provisions in the articles of corporation, shall exempt the stockholders from individual liability to the amount of the unpaid installments on the stock owned by them, or transferred by them for the purpose of defrauding creditors; and execution against the company may, to that extent, be levied upon the private property of any such individual."

Unless there was a failure on the part of the incorporators to substantially comply with the statute regarding organization and publicity, the decedent would not have been liable as a stockholder for the corporate debts, under Section 8362, Code of 1924. We think there was substantial compliance with the statute in these particulars, certainly as to the original proceedings for the incorporation of the business of the copartnership, and we think as to the amendment. The object of the publication of the notice is that parties dealing with the corporation may know, or be charged with, knowledge that they are not dealing with natural persons. *Thornton v. Balcom,* 85 Iowa 198; *Brinkley Car Works & Mfg. Co. v. Curfman,* 136 Iowa 476. Appellant had actual notice of the form in which the capital stock was to be paid, and, as stated, participated as an appraiser in both instances. The original incorporation being clearly valid, a mere failure to comply in every particular with the statute in the form and substance of the notice given of the amendment would not alone subject the stockholders to liability as partners. The most, it seems to us, that can be claimed at this point is that the notice of the amendment to the articles was defective. Appellant did not rely upon the publicity required by the statute in extending credit to the corporation. He knew how and in what form both the original and the increase in the capital of the corporation were paid. The executive council approved both applications for permission to pay the same in property, and proper certificates were issued by the secretary of state. It is the rule in this state that, where the creditor has full knowledge of the transactions between the corporation and its stockholders at the time he extends credit, he cannot complain, for the obvious reason that he is not deceived or led to believe that the capital stock has been paid in full in cash or property. *State Tr. Co. v. Turner,* 111 Iowa 664; *Watt v. German Sav. Bank,* 183 Iowa 346. Some claim is made by appellant that neither the property of the copartnership nor of the corporation, at the time its capital was increased, was worth the amount of the appraisement. It seems to us that appellant is foreclosed at this point by his actual knowledge of the facts.

III. The contention of appellant that the indebtedness of the corporation was in excess of that permitted by law is

based upon his contention that the property of the copartnership was not conveyed to the corporation, and that its value did not justify the increase in the capital to $250,000. Having held that the contention of appellant at this point is erroneous, we need not further discuss this question.

IV. The claim of appellant was filed considerably more than one year after notice of the appointment of the administrator was published. It is alleged in the claim, and also in the petition in equity, that the facts upon which personal liability of the decedent is based were not discovered until at or about the time the claim was filed. The ruling of the court upon the objections of the administrator to the filing of the claim was somewhat indefinite. The court having found against appellant on the merits, this issue ceased to have any particular importance. The court, in a written opinion, however, said that, if a contrary conclusion had been reached on the merits, permission to file the claim would have been granted.

We deem it unnecessary, however, in view of our conclusion on the merits, to determine whether the equitable circumstances relied upon by appellant entitled him to file the claim at the time it was offered or not. What we have said disposes of the propositions argued by counsel. The procedure appears to have been satisfactory to counsel for appellee, and, if irregular, it is not complained of.—*Affirmed*.

EVANS, C. J., and DE GRAFF, KINDIG, and WAGNER, JJ., concur.

FAVILLE, J., takes no part.