## EVANS v. ROBBINS.

1. **Judicial sale:** PLEADING: ESTOPPEL. In an action for the recovery of land purchased by the plaintiff at a judicial sale under a judgment against the defendant, the defendant cannot plead as a defense matters which might have been pleaded against the plaintiff in the action wherein the judgment, under which the land was sold, was rendered.

2. **Pleading:** REDUNDANT MATTER: PRACTICE. Paragraphs in an answer which contain matter constituting no defense to the action, may be stricken out on motion as redundant or irrelevant matter, under section 2946 of the Revision.

*Appeal from Van Buren Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION to recover possession of certain lands. Defendant's answer sets up matter as an equitable defense, and asks certain equitable relief by way of a cross-bill. It recites, that one Burns, who is asked may be made a party, recovered a judgment against defendant, upon which the land in suit was sold, and purchased by said judgment plaintiff; that the land, at the time of the rendition of the judgment and the sale, was occupied by

Evans v. Robbins.

defendant as his homestead; that there were certain alleged irregularities in giving the notices of the sale; that the judgment is claimed to be for the purchase money of said land, which was bought from said Burns by defendant. The answer recites that defendant " avers and sets up, as a cause of action, and set-off against plaintiff's claim, and against said Burns' judgment, the following facts:" The facts thus set out are contained in the seventh, eighth, ninth and tenth paragraphs of the answer, and are in substance as follows: The land is broken, and defendant at the time of his purchase was wholly unacquainted with it. That its lines and boundaries were falsely and fraudulently pointed out and misrepresented by Burns' agent, and defendant was thereby induced to purchase. That the land is not so valuable by three hundred dollars as the land really pointed out to defendant as the tract he was about to purchase. That defendant erected a house upon the land pointed out to him, which proved not to be the land he purchased, and he has suffered loss to the amount of two hundred dollars. That defendant relied upon the representations of Burns as to the land and the title thereto; and that he discovered, after the rendition of the judgment, that the land was covered by a mortgage for five hundred dollars. Another paragraph in the answer charges that plaintiff, at the time of her purchase, had knowledge of the matters alleged in the answer, and that she and Burns confederated and conspired together to defraud defendant and recover possession of said land.

A motion to strike out the seventh, eighth, ninth and tenth paragraphs of the answer was sustained. The cause was tried to the court without a jury, and judgment rendered for plaintiff. No objection was made nor exceptions taken to any proceeding in the case, except the order sustaining the motion to strike. Defendant appeals.

*F. Semple* for the appellant.

*J. C Knapp* and *Mayne & Work* for the appellee.

BECK, J.—I. The facts averred in the paragraphs stricken out constitute no defense to the action, either equitable

**1. JUDICIAL SALE: pleading: estoppel.** or legal. They might have been a defense to the action wherein the judgment was rendered upon which the land was sold, or may be the foundation of an action against Burns, but no reason can be given in support of the position that they constitute a defense in this action. They constitute the foundation of an action at law against Burns if considered a claim that can be enforced at all. If it be a claim that can be enforced at law it cannot be considered an equitable defense. It has no such relation to the land in controversy, that, if not enforced in this action it will be lost. In that respect it stands precisely as any other cause of action against Burns. It will hardly be pretended that the defendant could aver in his answer an indebtedness against Burns upon a note or on account of a fraud in the sale of other property, or for any other cause, or set up such a state of facts as would show loss and damage on account of any false and fraudulent acts, and by calling it an equitable defense and averring plaintiff's knowledge thereof, and her confederation and conspiracy with Burns in the premises, be thereby entitled to defeat plaintiff's action and recover the debt or damages claimed by having them set off against his claim for the possession of the land. Yet, in our opinion, this is precisely the case made by the objectionable paragraphs of the answer which were stricken out.

II. Defendants' counsel contends, that if the answer was defective on account of the matter stricken there-

**2. PLEADING: redundant matter: practice.** from, yet it was not properly assailed by motion. Redundant and irrelevant matter

in a pleading may, on motion, be stricken out. Rev. §
2946. The objectionable paragraph in the answer con-
tained matter that did not relate to the defense. That
could not have been supported by evidence on the trial,
for it, in law, constituted no defence. It was, therefore,
irrelevant, and was properly assailed by a motion to strike.
The judgment of the circuit court is

Affirmed.