| 57 | 127 |
|----|-----|
| 78 | 394 |

| 57 | 127 |
|-----|-----|
| 125 | 638 |

| 57 | 127 |
|-----|-----|
| 138 | 211 |
| 138 | 667 |

## LEWIS v. THE C., M. & ST. P. R. CO.

1. **Railroads**: EVIDENCE: NEGLIGENCE. A party cannot be chargeable with negligence for not doing that, which, if done, would afford him no protection; and evidence tending to show that plaintiff's failure to plow around his hay-stacks did not contribute to the loss, was properly admitted.

2. ————: INTERROGATORIES TO JURY. The interrogatories submitted to the jury for special findings, must present specific questions of fact.

3. ————: VERDICT NOT SUSTAINED. Where the plaintiff did not own, or have any interest, in the land upon which the hay was cut, a verdict allowing damages for the destruction of the hay, is not sustained by the evidence.

*Appeal from Palo Alto District Court.*

TUESDAY, OCTOBER 25.

ACTION to recover the value of certain hay and corn burned by a fire, set out by an engine operated upon defendant's railroad. There was a verdict and judgment for plaintiff. Defendant appeals.

*George E. Clark* and *M. B. Carey,* for appellant.

No appearance for appellee.

BECK, J.—I. The defendant alleges in its answer that the fire which destroyed the hay and corn, for which the suit is brought, was set out by one of its engines, without any fault or negligence of its own, and that the loss of the property was the result of plaintiff's own negligence.

Evidence was introduced showing that the hay burned was in stacks, and plaintiff had constructed no protection against 1. RAILROADS: fire by plowing around them, or in any other man-
evidence:
negligence.        ner. The plaintiff was permitted to prove against defendant's objection that there were other stacks of hay on the same tract of land, about forty rods distant, which were protected from fire by plowing around them, the protection thus made being described by the witness, and that these stacks were burned by the same fire that consumed plaintiff's property. The evidence, we think, was correctly admitted. The cause was tried upon the theory that plaintiff, if chargeable with contributory negligence, could not recover. The want of protection to the stacks was alleged to be negligence on plaintiff's part. Of course, under this view, plaintiff was required to do no more for the protection of the hay than would be demanded by reasonable prudence and care. If the stacks, around which furrows had been plowed, were protected

in such a manner as reasonable care demanded, and were, nevertheless, burned, this would have authorized the jury to find that the loss of plaintiff's hay was not attributable to his own negligence. If ordinary care would not have protected plaintiff from loss, he surely could not be chargeable with negligence for not doing what would have given him no protection. The jury were authorized to determine from the testimony whether the furrows plowed about the stacks were sufficient for the protection demanded by ordinary care. We are not to be understood as holding that the doctrine of contributory negligence is applicable to this case; the point we do not decide.

II. The defendant requested the court to require the jury to answer the following questions: "Was defendant guilty of negligence in permitting the fire to escape from its engine? If so, in what manner? What acts of negligence, if any, do you find on the part of defendant, caused the starting of the fire?"

2. ———: interrogatories to jury.

It was the right of the defendant to have the special findings of the jury upon specific questions of facts to be stated in writing. Code, § 2808. These interrogatories fail to state questions of fact. The first calls for the statement of a conclusion based upon facts, and both require the jury to enter into a statement of the grounds upon which this conclusion is based. The statute contemplates that specific questions of fact shall be submitted to the jury, which would not have been done by the interrogatories propounded by defendant. The court correctly refused to submit the question to the jury.

III. The jury returned a verdict for $142.50. By a special verdict, it is shown that $118 of the general verdict was for hay destroyed on section 19. The pleadings put in issue plaintiff's ownership of the hay cut on section 19. The testimony shows, without conflict, that

3. ———: verdict not sustained.

plaintiff did not own the land in section 19, upon which the hay was cut, that he had no license or permission to cut it, and had no interest in or claim to the land. The testimony of plaintiff himself, is to this effect. Upon these facts, plaintiff is not entitled to recover on account of the destruction of the hay cut upon section 19. This precise point we decided in *Murphy v. S. C. & St. P. R. Co.*, 55 Iowa, 473.

The motion for a new trial should have been sustained, for the reason that the verdict, so far as it includes damages for the destruction of hay upon section 19, has no support from the evidence.

There are other questions in the case which we do not consider, for the reason that some of them will not again arise, should the cause be again tried, and others are quite doubtful. Questions of doubt ought not to be decided, in the absence of discussion on both sides of the case.

For the error above pointed out, the judgment of the District Court is                                                    REVERSED.