61 121
110 150

61 121
115 677

61 121
d130 340

61 121
132 279

CLEGG, WOOD & CO. v. THE HAMILTON AND WRIGHT COUNTY GRANGE COMPANY ET AL.

1. **Corporation :** DEFECTIVE NOTICE OF: STOCKHOLDERS LIABLE. Where a corporation, instead of publishing the notice required by section 1063 of the Code, published its articles of incorporation, and it did not appear from said articles when the corporation was to begin and terminate, nor where its principal place of business was to be, *held* that that was not a substantial compliance with the statute, and that the stockholders were liable for the corporate debts, under section 1068 of the Code.

*Appeal from Hamilton District Court.*

WEDNESDAY, JUNE 6.

ACTION upon an account for certain agricultural implements. The case was tried without a jury, and a judgment rendered for plaintiff. Defendants appeal.

*T. Q. Lee* and *W. J. Covil*, for appellants.

*Martin & Hall*, for appellees.

BECK, J.—I.    The petition alleges that the goods specified in the account were sold to the Hamilton and Wright county Grange Company, an unincorporated company or co-partnership, of which the other defendants, who were alone served with notice, are members.    The defendants allege that the company was duly incorporated, and that they as stockholders are not liable for the corporate debts.    The only question in the case involves the determination of the sufficiency and legality of the organization of the company as a corporation.

II.    It is shown, without dispute, that no notice of the organization was published, but, in place of such a notice, the articles of incorporation were published in a newspaper.    Defendants insist that this publication is a substantial compliance with the statute requiring notice.    We think the publication of the articles of incorporation is insufficient, for the reason, if for no other, that it fails to show the principal place of transacting business by the corporation, and the time of the commencement and termination of the corporation, which are required to be shown by the notice.    Code, § 1063.

The articles of incorporation do not state the principal place of business of the company; nor do they state the time of the commencement of its business, further than that it shall be "as soon as possible after the minimum amount of stock has been subscribed."    But it is not shown in the articles when, or whether at the time of publication, the minimum amount of stock was subscribed; so that the articles of incorporation do not fix the time of the commencement of the business, nor can such time be determined from them.    The publication of the articles of incorporation could, therefore, impart no notice of the time of the commencement of the business, or of its principal place of business, for the reason that these matters were not in it.    There was, then, "a

failure to comply substantially" with the requirements of the statute in regard to notice. The individual property of the stockholders is therefore liable for the corporate debts. Code, § 1068. As the judgment of the court below, upon this ground alone, must be affirmed, other questions in the case need not be considered.

AFFIRMED.