COMES V. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1. **Evidence:** OBJECTION TO: TIME OF MAKING. Where the grounds upon which defendant asked to exclude the testimony in chief of plaintiff were made to appear on his cross-examination, and this was followed by a motion to exclude it, *held* that the objection was not made too late.

2. **Pleading:** ANSWER: ONE DIVISION AFFECTED BY ADMISSION IN ANOTHER. In an action to recover the value of hay burned, defendant, in the first division of its answer, after admitting certain averments of the petition, proceeded: "And it denies each and every other allegation in said petition, unless the same is herein otherwise admitted." In the second division certain other admissions were made. *Held* that the word "herein," used in the first division, referred to the whole answer, and not only to the first division, and that therefore the first division did not set up a distinct defense unaffected by the admissions in the second division. Hence the erroneous admission of evidence to prove one of the facts admitted in the second division was without prejudice, and it was not error for the court to state these admissions in the instructions to the jury.

3. **Instructions:** ON QUESTIONS NOT INVOLVED. In an action for the value of hay burned by sparks from a locomotive, it was admitted that the fire started outside the defendant's right of way, and there was no averment of negligence on the ground that the right of way was in an improper condition. *Held* that the court properly refused to instruct the jury that, if the fire started outside the right of way, they should not consider the question whether the right of way was or was not free from combustible matter.

4. **Appeal:** ABSTRACT: MATERIAL MATTER: COSTS. Where the question whether the divisions of appellant's answer constituted distinct and inconsistent defenses was material on the appeal, and its verification of the answer was not such as the statute (Code, sec. 2710) requires in the case of inconsistent defenses, and such verification was omitted from appellant's abstract, *held* that it was material, and that the cost of supplying it by appellee in his abstract was properly taxable to the losing party.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 10, 1889.

ACTION to recover damages for setting out fire by sparks from an engine, whereby plaintiff's hay was burned. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Geo. E. Clarke* and *Burton Hanson*, for appellant.

*Milt. H. Allen*, for appellee.

GIVEN, C. J.—I. The points presented in argument require that we notice the pleadings with care. After alleging the defendant's corporate capacity, and that it was operating a railway through O'Brien county, the petition goes on to state that the plaintiff was the absolute and unqualified owner of one hundred and forty tons of hay in stack upon certain lands described; that said hay was of the actual value of five hundred and sixty dollars; that about the eleventh of October, 1887, said hay was totally destroyed and burned up by a fire, communicated by the spreading of a prairie fire, started and originated from a spark thrown from an engine running on defendant's road; that the fire was caused by the negligence of the defendant and its employes in running the engine, the same not being properly constructed and supplied with the best-known appliances for the prevention of the escape of fire, and being in a defective and damaged condition; that the engine was negligently handled, and that the employes negligently burned wood as fuel instead of coal; and that the engine was being used in drawing an extraordinarily heavy train of cars, thereby using an unusually excessive amount of steam, and that sparks were emitted, and said fire started, by reason thereof. So much of defendant's answer as is necessary to notice is as follows: "Comes now the defendant, and for answer herein admits that it is a corporation owning, operating and managing a line of railway through the county of O'Brien, in the state of Iowa, as charged in the plaintiff's petition, and it denies each and every other allegation contained in said petition, unless the same is herein otherwise admitted. *Division Second*. And,

Comes v. The Chicago, M. & St. P. Ry. Co.

further answering herein, the defendant says that the fire referred to in the plaintiff's petition, and from which his hay was burned and destroyed, originated without any negligence or carelessness on the part of the defendant or the defendant's employes; that the same was set by engine number 300, which on said date was hauling one of defendant's trains." Following this is a specific denial of the allegations of negligence.

On the trial, plaintiff was called as a witness and testified in chief: "I was owner of some hay that was in stack on south half of section 32," etc. On cross-examination he stated that the hay was cut on the ground where it was stacked, —upon open prairie land. "I was not the owner of that land. I leased the land of Mr. Dahlgren. The lease is in my office. It was a written lease." Upon the witness being excused, defendant moved to exclude his statement as to Mr. Dahlgren being the owner of the land, as being immaterial and incompetent, and to exclude his testimony as to his being the owner of the hay, it appearing that his title thereto was based upon written evidence not produced. The court, after stating that the objection came too late, announced: "I will let the ruling stand for the present." There does not seem to have been any further ruling on the subject.

*1. EVIDENCE: objection to: time of making.*

Appellant's first contention is that the court erred in not excluding said testimony. Appellee contends that the objection was made too late, and that plaintiff's ownership of the hay was not in issue, and hence that the failure to exclude the testimony was without prejudice. The grounds upon which appellant asked to exclude the testimony were made to appear by the cross-examination, and this was followed by the motion. We think the objection was made in time.

II. Was plaintiff's ownership of the hay admitted in the answer? That it is admitted in "division second" is not questioned, but appellant's contention is that that did not admit it as to the defense set up in the "first division" of the answer. "The defendant may set

*2. PLEADING: answer: one division affected by admissions in another.*

forth in his answer as many causes of defense, counter-claim, whether legal or equitable, as he may have. Code, sec. 2655. "Inconsistent defenses may be stated in the same answer or reply." Code, sec. 2710. "Each affirmative defense shall be stated in a distinct division of the answer, and must be sufficient in itself, and must intelligibly refer to that part of the petition to which it is intended to apply." Code, sec. 2657.

The first division would have stated a complete defense if it had closed with the words "in the plaintiff's petition," or if it denied "each and every other allegation contained in said petition not hereinbefore admitted." The denial is of "each and every other allegation contained in said petition, unless the same is herein otherwise admitted." "Herein" refers to the whole answer. The words "unless the same is herein otherwise admitted" are surplusage and indeed meaningless, as applied to the first division. It is not a statement of different defenses in a distinct division, and is not within the rule as laid down in *Barr v. Hack*, 46 Iowa, 308. Plaintiff's ownership of the property burned was directly in issue in *Murphy v. Railway Co.*, 55 Iowa, 476, and *Lewis v. Railway Co.*, 57 Iowa, 127. The point decided in those cases was that one who cut hay on unenclosed lands owned by others, without authority, acquired no property in the hay. We are of the opinion that the answer does not show a statement of affirmative defenses in distinct divisions, but must be all taken together, and that the admission of plaintiff's ownership of the hay rendered the testimony sought to be excluded immaterial, and hence that the failure to exclude the same was without prejudice.

III. In the instructions to the jury the court said: "And it is also admitted in the answer that the fire in question was set out by one of defendant's engines." It is contended that thereby appellant was deprived of the full benefit of the defense pleaded. The so-called "division second" admits that the fire was set out by defendant's engine number 300. As we have seen, the answer did not state different defenses in distinct

Comes v. The Chicago, M. & St. P. Ry. Co.

divisions, and therefore the court very properly stated this admission to the jury.

IV.    The defendant asked the court to instruct the jury as follows : " It appearing without controversy that

3. INSTRUCTIONS: on questions not involved.

the fire in question started outside of defendant's right of way, the question of whether or not its said right of way was clean and free from grass and other combustible matter becomes immaterial in considering this case; therefore, you need give the question of whether or not the same was clean and free from grass and other combustible matter no further attention, for, as hereinbefore stated, the question would then be immaterial,"—which instruction the court refused, and the defendant duly excepted. There was no controversy but that the fire started outside of the defendant's right of way. It is not alleged as negligence that the right of way was in an improper condition. There is no question as to where and how the fire was started. In *Babcock v. Railway Co.*, 62 Iowa, 594, the condition of the right of way, and how the fire originated, were directly in issue. We see no error in the court refusing the instruction asked.

V.    Appellant's abstract did not set out the *jurat* to the answer, nor a stipulation, under which this case

4. APPEAL: abstract: material matter: costs.

and others were tried, that the testimony would not tend to show that the fire " which burned the property of the respective plaintiffs" started within a distance of fifty feet from the center of the track.    Appellee filed an additional abstract, setting forth at length the verification of the answer by appellant's attorney,    " That he has read the foregoing answer, and that the facts and statements therein are known to him, and the same are true, as he verily believes."    This verification is relied upon as showing that inconsistent defenses were not stated or pleaded, inasmuch as the verification is not as authorized by Code, section 2710, in cases of inconsistent defenses.

Appellant admits the correctness of the abstract as to the verification of the answer, but claims that the same is immaterial, and should not be allowed or taxed. He denies that the stipulation set out was ever filed or used in this case, but files no transcript showing the truth of the matter. We think the additional abstract as to the verification was material, and should be allowed and taxed. As we have disposed of the case without reference to the stipulation, we do not inquire whether such stipulation was used in the case or not.

VI. Appellee, maintaining that it appears from the record that defendant's appeal was taken for delay only, moves this court for an assessment against the appellant under Code, section 3196. We think the record shows that the appeal was prosecuted in good faith and not for delay, and therefore overrule the motion. The judgment of the district court is          AFFIRMED.