CHARLES SEATON and L. W. HATTON, Administrator, etc., C. B. HILFIKER, W. H. LOILER, FRED STAHL and J. W. SCOVEL, Appellants, v. ISAAC GRIMM et al.

| 110 | 145 |
| h115 | 678 |
| 110 | 145 |
| f134 | 316 |
| 134 | 647 |
| 110 | 145 |
| 136 | 480 |
| 110 | 145 |
| 142 | 144 |
| 142 | 181 |

Corporations: LEGALITY OF EXISTENCE: *Estoppel to deny.* A corporation's stockholders, who executed its articles of incorporation and became officers and directors, and dealt with it as a legal entity, are estopped to deny the legality of the corporation, on the ground that legal notice of its incorporation was not published.

LIABILITY OF STOCKHOLDERS. Under Code 1873, sections 1062-1064-1068, providing that notice of incorporation must be published for four successive weeks, and shall state whether private property is to be exempt from corporate debts; that the corporation may commence business as soon as its articles are filed in the recorder's office; that its acts shall be valid if the publication is made and the articles filed with the secretary of state within three months of the filing in the recorder's office; and that a failure to substantially comply with such provisions renders the stockholders individually liable for the corporation's debts,—the stockholders do not become liable for corporate debts which accrued in favor of other stockholders after the publication of the notice of incorporation, although the creditors knew that the notice was not published until after the expiration of three

months from the filing of the articles, since publication before the creation of the debts is a substantial compliance with the statutes, and as the object of the statutes is to inform persons dealing with the corporation that they are dealing with a corporation, and not a natural person.

**Motion and Demurrer:** OBJECTIONS TO PLEADINGS. Objection that more than one defense is set up in the same division of an answer should be made by motion, and not by demurrer.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

SATURDAY, DECEMBER 16, 1899.

THE defendants are stockholders in a corporation known as the "Farmers' Co-Operative Creamery Association of Millersburg, Iowa." Plaintiffs hold a judgment against the corporation, and bring this action against the stockholders to recover the balance due on their judgment, after exhausting all property of the corporation,—alleging that while the corporation was organized on the twenty-sixth of April, 1893, it did not publish notice of incorporation until November 8, 1893. Defendants, among other things, pleaded that plaintiffs were stockholders, officers, and directors of the corporation from January 1, 1894, until May 22, 1895, and that the debts on which their judgment was based were created while they were members of the corporation; that defendants never in any manner authorized plaintiffs to contract the indebtedness heretofore mentioned, and never authorized the execution of the note given as evidence thereof, nor of the mortgage given to secure the same; and that the alleged judgment is of no binding force and effect, as against the defendants. These matters were pleaded in what may be called the sixth, seventh, and eighth paragraphs of the answer, and in an amendment thereto filed October 24, 1895. To the seventh and eighth paragraphs and the amendments thereto plaintiffs filed a demurrer, which was overruled. Defendants also pleaded that all the

stock owned by them was fully paid for long before the corporation became indebted to plaintiffs, and that the notice of incorporation required by statute was given long before the indebtedness was incurred. By way of estoppel, defendants pleaded that plaintiffs and defendants were and are the identical persons who signed, acknowledged, and filed for record the original articles of incorporation, and that, by reason of being such incorporators and stockholders, plaintiffs are estopped from denying the legality of the corporation. Plaintiffs demurred to the whole answer, and to each division thereof, upon many grounds, some of which will be referred to in the body of the opinion. The demurrers were each and all overruled, and, plaintiffs electing to stand thereon, judgment was rendered against them for the costs of suit. Plaintiffs appeal.—*Affirmed.*

*J. D. Butler* and *Hedges & Rumple* for appellants.

*Feenan & Feenan* and *C. E. Vance* for appellees.

DEEMER, J.—The original answer was, for convenience, divided into paragraphs. No one of these paragraphs attempted to state a distinct affirmative defense, and the amendment of date October 24th did not have the effect of changing the allegations contained in the seventh and eighth paragraphs of the answer. The pleader was not attempting to state a distinct affirmative defense. But, if he was, the proper manner of meeting the objection that distinct defenses were pleaded in the same division of the answer was not by demurrer, but by motion. As paragraphs seven and eight and the amendments thereto were in a division of the answer pleading other matters in defense, a demurrer thereto should not be considered. If the facts stated therein were sham, irrelevant, or redundant; or if they each in fact pleaded a distinct affirmative defense, but were not pleaded as such, the defect should have been reached by motion, and the demurrer thereto was prop-

erly overruled. *Benedict v. Hunt,* 32 Iowa, 27; *Comes v. Railway Co.,* 78 Iowa, 391; *Evans v. Robbins,* 29 Iowa, 472; *Bolinger v. Henderson,* 23 Iowa, 165; *Douglass v. Bishop,* 27 Iowa, 214.

II. The estoppel pleaded by defendants is said to be insufficient, because there is no allegation or claim of injury. That it is injury defendants seek to avoid in their plea of estoppel is apparent. Granting, for the purpose of argument, that, technically speaking, no estoppel is pleaded, the broader question remains, may plaintiffs, who are and were, with defendants, the original stockholders in the corporation, and who dealt with the corporation as a legal entity, plead failure to comply with the statutes with reference to publicity, and thus take advantage of their own wrong? The principle that no one may take advantage of his own wrong is firmly imbedded in our jurisprudence, and has been applied to an almost infinite number and character of cases. That doctrine is peculiarly applicable to the case at bar. Here plaintiffs dealt with a *de facto* corporation and accepted notes and mortgages signed by the corporation as such. They were among the original incorporators, and, if notice was not given as required by statute, the fault is theirs; at least, they are as blamable as the defendants. Surely, they cannot be heard to say that, by reason of not having complied with the law, they are entitled to hold defendants liable for failure to do the very things that they were as much bound to do as the defendants. Such a rule would allow them to profit from their own wrong. *Bushnell v. Ice-Machine Co.* 138 Ill. Sup. 67 (27 N. E. Rep. 596); *Heald v. Owen,* 79 Iowa, 23.

III. The other point raised by the demurrer involves a construction of certain provisions of the Code of 1873, the material parts of which are as follows: Section 1058: "* * * Incorporation confers no power or privilege not possessed by natural persons, except as hereinafter provided." Section 1059: "Among the powers of such body

corporate are the following:   *   *   *   To exempt the private property of its members from liability for corporate debts, except as herein otherwise declared." Section 1600.: "Previous to commencing any business except its own organization they must adopt articles of incorporation, which must be signed, acknowledged," etc.   Section 1062: "A notice must also be published for four weeks in succession in some newspaper.   *   *   *"   Section 1063: "Such notice must contain,   *   *   *   whether private property is to be exempt from corporate debts."   Section 1064: "The corporation may commence business as soon as its articles of incorporation are filed,   *   *   *   and their doings shall be valid if the publication in a newspaper is made and articles recorded in the office of the secretary of state within three months from such filing in the recorder's office."   Section 1068: "A failure to comply substantially with the foregoing requisitions in relation to organization and publicity renders the individual property of the stockholders liable for the corporate debts.   *   *   *"   The word "and" appearing in section 1068, has been construed to mean "or" (*Eisfeld v. Kenworth,* 50 Iowa, 389).; and hence must be given that interpretation.   As we have seen, the defendants did not literally comply with the requirements of these sections as to publication of notice, but they did make publication before plaintiff's debts were contracted. It also appears that plaintiffs, as members of the corporation, had actual notice of the fact that no notice had been given as required by law.   Appellants' contention is that, as the notice was not given within the time required by law, credit is presumed to have been extended in reliance upon the individual liability of the members, and that subsequent publication of the notice is of no avail?   They further say that, under the provisions of our Code, there is no exemption of the members from liability for corporate debts unless stated in the articles of incorporation, and that, as appellees do not plead such a provision in the articles, they are

liable on the judgment plaintiffs recovered against the corporation. This last point does not seem to have been made in, or decided by, the district court, and cannot be considered here. Determination of the first point involves a consideration of the objects and purposes of the statute, the nature and effect of the liability created, and what constitutes a substantial compliance with the requirement as to publicity. In *Sweney v. Talcott,* 85 Iowa, 103, we said: "The purpose, in part, at least, of requiring the articles to be recorded and the notice to be published, is for the information of those dealing with the corporation." Again, in *Thornton v. Balcom,* 85 Iowa, 198, we find this language: "The object of the publication of the notice * * * is that parties dealing with it may know or be charged with knowledge that they are not dealing with natural persons, but with a corporation." The exact nature and effect of the liability created by section 1068 of the Code of 1873 has never been expressly defined by this court. We have frequently held that for failure to give notice the members are individually liable to creditors. See *Eisfeld v. Kenworth, supra; Marshall v. Harris,* 55 Iowa, 182; *Heuer v. Carmichael,* 82 Iowa, 288; *Clegg v. Grange Co.* 61 Iowa, 121. Whether this liability is on contract, or because the statute imposes a penalty, has never been expressly decided. In *Bank v. Davies,* 43 Iowa, 424, it is intimated that a corporation may have a *de facto* existence without complying with the law relating to the filing of its articles, and it is there said: "It would certainly be a harsh, oppressive, and unreasonable rule of law which would permit a corporation to exist legally, and to do lawful acts up to a certain time, and after that all their past and future acts would be void, because of failure to do certain prescribed acts. * * * It would be a strange rule of law, indeed, which would hold a corporation to exist, to be in the exercise of its franchises, and yet regard its acts as void, because of some irregularity or illegality in the omission of an act to be

done after its organization." See, also, *Stokes v. Findlay*, 4 McCrary, 205 Fed. Cas. No. 13,478. The great weight of authority, in the absence of statute, is that, where a supposed corporation is doing business as a *de facto* corporation, the stockholders cannot be held liable as partners, although there have been irregularities, omissions, or mistakes in incorporating or organizing the corporation. Cook, Stock & Stockholders (2d ed.), section 234, and cases cited. And the greater number of cases seem to favor the proposition that statutes such as the one we are now considering are penal in character. *Cochran v. Weichers*, 119 N. Y. App. 399 (23 N. E. Rep. 803), s. c. 2 Am. Ry. & Corp. Rep. 382, and note; 2 Morawetz Private Corporations, section 908; *Diversey v. Smith*, 103 Ill. 378; *Globe Pub. Co. v. State Bank of Nebraska at Cretta*, 41 Neb. 175 (59 N. W. Rep. 683); *Kleckner v. Turk*, 45 Neb. 176 (63 N. W. Rep. 472); *Chase v. Curtis*, 113 U. S. 452, (5 Sup. Ct. Rep. 554), 28 L. Ed. 1038.

It is not necessary to determine whether the statute in question imposes a penalty, in order to arrive at a decision of the case. We cite the authorities simply to show that the tendency of all modern decisions is to hold that such statutes do not create a contract liability, and that but for the statutes no liability would exist. With this construction, the way is clear for determining what is a substantial compliance with the statute relating to publicity; for it is a universal rule that penal statutes are to be strictly construed, and all doubts are to be solved in favor of the person from whom recovery is sought. The statute itself says that the members are liable for a failure to comply "substantially" with the foregoing requisition, etc. As said in *Eisfeld v. Kenworth, supra,* "It is not denied that the use of that word implies that there may be a failure to comply with the statute which is not a 'substantial' failure." In *Thorton v. Balcom*, 85 Iowa, 198, it appeared that plaintiff became a creditor of the corporation within the

three months allowed for the publication of notice. The notice was not completed within the three months, however, yet this was held to be a substantial compliance. Much that is said in that case is applicable to this, and we quote therefrom as follows: "In *Bank v. Davis,* 43 Iowa, 424, it was held by a majority of the court, that the filing of articles of incorporation in the office of the secretary of state is not essential to the validity of a corporation, nor will a failure to file them render the private property of the stockholders liable for the debt of the corporation. We cite this case as showing that a literal compliance with the statute is not required. · Under the statute, a substantial compliance is sufficient. The object of the publication of the notice of the organization of the corporation is that parties dealing with it may know or be charged with knowledge that they are not dealing with natural persons, but with a corporation. By section 1064 of the Code, the corporation is authorized to commence business as soon as the articles are filed in the recorder's office, and the publication is not required to be made at once, but may be made within three months. Parties dealing with the corporation in the meantime have no ground for complaint that a publication has not been made. In other words, the rights of parties are not made to depend upon the publication of a notice immediately upon the filing of the articles for record with the county recorder. Our inclination is to hold that, if the publication be inserted in the newspaper within the three months, it ought not to be held a failure to substantially comply with the statute that the last publication was not made within the time. But it is really not necessary to determine the question in this case, and we do not determine it. The reason that it is not necessary is that the evidence quite satisfactorily shows,— at least, the court was fully authorized by the evidence in finding,—that, when the plaintiff made the contract upon which his judgment against the corporation was founded, he knew he was dealing with a corporation, and he

made his contract before the time that the publication was required to be made. Under this state of facts, it ought not to be held that the plaintiff had no notice of the organization of the corporation." If plaintiff's contention in the case before us is correct, that decision is erroneous, because there was a failure to give the notice required within the three months allowed by statute, and the members became individually liable. After considering the object of the statute, and the construction that had been placed upon it, we held that there had been a substantial compliance with the law. In this case plaintiffs not only had actual notice of the articles of incorporation, but the publicity required by the statute had been given before they became creditors. The object of publication had been fulfilled, and as to them there had been a substantial compliance. Certainly they are not in position to take advantage of section 1068 of the Code. The judgment is AFFIRMED.

GRANGER, J., not sitting.