## Charles L. McGuire v. Chicago, Burlington & Quincy Railroad Company et al., Appellants.

**Pleadings:** AMENDMENT: LEAVE TO FILE. Where an amendment to
1    a pleading was filed in open court during the progress of the
trial, was entered upon the notice book, was embodied in the
court's instruction and presented an issue which the oppo-
site party claimed was in the case, an objection that formal
leave to file the same was not granted is not tenable.

**Railroads:** CONTRIBUTORY NEGLIGENCE: EVIDENCE. A brakeman in
2    a personal injury action may show the condition of the
coupling device of the car he was endeavoring to uncouple
when injured, although not the basis of a charge of negli-
gence, for the purpose of describing his situation and the
manner of his injury, and as bearing on the question of his
freedom from contributory negligence.

**Special interrogatories.** The court should refuse a special inter-
3    rogatory which is covered by those given, one which calls for
the conclusion of the jury upon all the facts rather than for a
finding of some special fact, or one which calls for a special
verdict.

Ladd, C. J., and Bishop, J., dissenting.

*Appeal from Appanoose District Court.*— Hon. Robert
Sloan, Judge.

Tuesday, June 9, 1908.

Suit to recover damages for a personal injury. Trial
to a jury, verdict and judgment for the plaintiff. The de-
fendants appeal.— *Affirmed.*

*H. H. Trimble, Palmer Trimble,* and *Frank S. Payne,*
for appellants.

*Howell & Elgin,* for appellee.

SHERWIN, J.— This is the second appeal in this case. The opinion on the first appeal is reported in 131 Iowa, 340, where a statement of the facts may be found.   On the former appeal we held that the plaintiff's demurrer to the answer should have been sustained, and reversed the case and re- manded it for further proceedings not inconsistent with the opinion.   On the last trial in the district court a demurrer to the same subject-matter held demurrable in the former opinion was sustained, and the appellant assigns the ruling as error.   Counsel for appellants concede in argument that the ruling is governed by the former opinion, if the same is ad- hered to, and do no more than to file a brief of points cov- ering their contentions relative thereto.   We still think the rule there announced the correct one, and that the demurrer herein was properly sustained.   See *McGuire v. Railway,* 131 Iowa, 340.

The appellants ask a reversal for other reasons, which we shall presently consider.   But, before doing so, it will be necessary to pass upon the appellants' motion to strike from the appellants' additional abstract an

1. PLEADINGS: amendments: leave to file.   amendment to the petition which was filed at the close of the evidence.   The original peti- tion alleged that the defendants' engineer negligently caused " said train of cars and said engine to move, thereby bring- ing the front car and said engine together, or, in other words, by causing a slack of said train's coming against the said engine; that by reason of said moving of said engine, and permitting said slack of said train of about thirteen cars to come against said engine," the plaintiff was caught and injured.   It was further alleged that " said engineer was negligent in moving said engine, causing said engine and said cars to come together while said plaintiff was between said cars."   The amendment to the petition was as follows: " The plaintiff states that when he went between the engine and car that the cars were stationary, and claims that the engine backed — that is, ' moved '— causing his injury;

that the engineer in so doing was guilty of negligence. Plaintiff, also while making the claim above, and yet to conform the allegations to any possible phase of the proof already in, states that, if it shall be found to be a fact by the jury that the engineer released his air at the time the train stopped, then plaintiff claims that said releasing of the air while plaintiff was between the tender and the car was negligent, and caused plaintiff's injury."

It is not seriously claimed that this amendment to the petition was not filed at the close of the evidence and before argument was begun, but it is contended that it was filed without leave of court and without the knowledge of appellant's counsel. It appears, however, that the filing was regularly entered on the notice book, and that it was before the trial judge when his instructions were prepared. It also appears that appellants' counsel either construed the original petition as charging practically the same negligence as the amendment, or saw the amendment before the court's instructions were prepared, for they requested an instruction, which was in the following language: " There is but one charge of negligence against the defendant in this case to be considered by the jury. That is the charge that defendants' engineer, Gilbert, negligently backed the engine in question against plaintiff while plaintiff was between the engine and car in question trying to turn the angle cock on the car in question. If you find that said Gilbert did not negligently back said engine against the plaintiff while plaintiff was thus trying to turn the angle cock, your verdict must be for defendant." It being very clear that the amendment was filed in open court during the progress of the trial, that it was properly entered on the notice book, that it was before the trial court and embodied in its instructions, and that it presented an issue that the appellants at least claimed was in the case, formal leave to file the same was not necessary. The motion to strike must be, and it is, overruled.

The plaintiff was allowed to testify over the objections

of the appellants that the metal plate which should have been on the " buffer " or " deadwood " on the car which the plain-

2. RAILWAYS: contributory negligence: evidence.

tiff was trying to uncouple from the engine was gone, and that the car had been battered so that there was a depression in the buffer three inches deep, and that he was caught therein. While it is true that the condition of the car was not made the basis of a charge of negligence against the appellants, we think the testimony was competent. The plaintiff had the undoubted right to show the situation he was in when he received the injury complained of and the way in which he was caught, the latter for the purpose of showing his freedom from contributory negligence, if for no other reason. The court told the jury what negligent acts of the defendants were relied upon for recovery, and the jury could not have thought the condition of this car was one of them unless it entirely disregarded the instructions, and we are not to presume that it did so. The plaintiff's testimony as to the condition of the angle cock was competent on the question of contributory negligence.

At the close of the testimony the appellants asked the court to submit to the jury seven special questions. Five of the questions were submitted and answered by the jury, and

3. SPECIAL INTER-ROGATORIES.

complaint is now made because the other two were not submitted. The fourth request, which was refused, was substantially embodied in one of those submitted, and the third called for a special finding as to whether or not the engineer was negligent. The request was rightly refused, because it called for the conclusion of the jury from all of the facts before it. *Lewis v. Railroad Co.*, 57 Iowa, 127. Furthermore, it was a request for a special verdict rather than for an answer to a special question. *White v. Adams*, 77 Iowa, 295.

There was no error in the twentieth instruction given by the court. It simply told the jury that, if the plaintiff could not move the angle cock by reaching under the drawbar, he

would not be guilty of contributory negligence as a matter of law because he attempted to move it by reaching over the drawbar.

Instructions 1, 2 and 3½, asked by the appellants, were fairly embodied in those given by the court. Instructions 4 and 5, asked by appellants, were properly refused because of the amendment to the petition. The closing argument by Mr. Howell, while not to be commended, does not demand a reversal.

We have given the evidence in the record careful consideration, and reach the conclusion that it is sufficient to sustain the finding of negligence on the part of the appellants and the finding that the plaintiff was not negligent.

The judgment is therefore *affirmed.*

LADD, C. J., and BISHOP, J., dissent on the grounds appearing in dissenting opinion in *McGuire v. Railway,* 131 Iowa, 384.