E. P. ADLER, Appellant, v. BAKER-DODGE THEATRE COMPANY et al., Appellees.

**CORPORATIONS: Failure to Publish Notice—Legalizing Act.** A legalizing enactment "that the incorporation of *** and all its acts and proceedings is legalized and declared as legal *** as if the notice of incorporation had been published *** and all other requirements had been fulfilled," is sufficient to exempt the stockholders from all *penalties* imposed by reason of the original defective incorporation. So held as to the personal liability of the stockholders.

**CORPORATIONS: Personal Liability of Stockholders as Penalty.** The
2  personal liability which is imposed on stockholders whenever there
   is a failure to publish the statutory notice of incorporation is in
   the nature of a *penalty* or *punishment* for the delinquency, and the
   stockholders may constitutionally be relieved from said liability
   by a legalizing enactment.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 9, 1921.

SUIT by plaintiff as a creditor of a corporation, the Baker-
Dodge Theatre Company, to recover from the individual de-
fendants, as stockholders of such corporation, on the ground of
their statutory liability as such because of ·the failure of the
officials of the corporation to publish the statutory notice re-
quired by Section 1613 of the Code. An affirmative defense
was pleaded, to wit: that a curative act had been passed by the
legislature, which wholly legalized and cured the failure of the
corporation to publish notice. The trial court dismissed the
petition, and plaintiff appeals.—*Affirmed.*

*William C. Howell,* for appellant.

*C. H. Dickey* and *Hollingsworth & Blood,* for appellees.

EVANS, C. J.—I. The defendant corporation filed its ar-
ticles with the secretary of state on August 23, 1914. Some
time thereafter, and before the expiration of three months, the
individual defendants herein named became
stockholders. The statutory publication of no-
tice was never made. The debts for which this
action is brought were incurred in December, 1914. The cor-
poration purported to do business as such. The plaintiff's as-
signors all charged their accounts to the corporation alone.
Unless the curative act pleaded by the stockholders was effec-
tive, then the stockholders were and are liable under the statute
for the debts of the corporation. The appellant presents two
general contentions: (1) That the terms of the curative act
do not purport to relieve the statutory liability of the stock-
holders; and (2) that there was no power in the legislature to

*1. CORPORATIONS: failure to pub-lish notice: legalizing act.*

interfere with such liability as had attached against the stockholders.

Following a recital of facts by preamble, the curative act was as follows:

"Be It Enacted by the General Assembly of the State of Iowa:

"Section 1. That the incorporation of the Baker-Dodge Theatre Company, of Keokuk, Iowa, and all of its acts and proceedings, be and the same are hereby legalized and declared to be as legal, sufficient and binding in all respects as if the notice of the incorporation thereof had been published, and proof of such publication filed in the. office of the secretary of state, as provided by law, and all other requirements of law had been fulfilled.

"Section 2. Nothing herein contained shall be construed to affect pending litigation."

The argument for the appellant is that the foregoing did not, in terms, purport to deal with the question of the stockholders' liability, and that, therefore, whatever may have been cured by the act, the statutory liability of the stockholders was not affected thereby. From the foregoing it will be seen:

(1) That the "incorporation" was legalized.

(2) That "all of its acts and proceedings" were legalized.

(3) That such "incorporation" and such "acts and proceedings" are "declared to be as legal, sufficient and binding in all respects as if the notice of the incorporation had been published and proof of such publication filed in the office of the secretary of state as provided by law."

(4) That such "incorporation" and "acts and proceedings" are "declared to be as legal, sufficient and binding in all respects as if * * * all other requirements of law had been fulfilled."

The foregoing language of the legalizing act is surely broad enough, so far as it was within the power of the legislature. so to do, to put the corporation upon exactly the same ground as it would have occupied if timely publication and filing of notice had been made. The enactment purported to be retroactive. If, therefore, the defective organization of this corporation was thereby cured, it follows, of legal necessity, that the penalties

resulting from such legal defect were nullified. That is to say, if the fact that the organization was defective and incomplete operated to penalize the stockholders, it ceased to so operate when the defect was retroactively cured. We touch at this point an important question in the case: Was the liability of the stockholders *penal* or was it contractual? We shall deal with that question in the next division hereof. If this liability was penal, then the penalty ceased when the curative act went into effect. If the liability in question was not penal, but was contractual, then a very different question is presented. If contractual, it would be beyond the power of the legislature to terminate the liability by a curative act, and it would become quite immaterial whether it should be deemed to come within the scope of the act or not. To that question we turn.

II.   The question just propounded in the foregoing division is the vital question in the case, being determinative of both contentions of the appellant. This is frankly conceded by counsel for appellant.

2. CORPORATIONS: personal liability of stockholders as penalty.     Unless we are prepared to overrule two of our own cases, the question is quite settled for us. *Seaton v. Grimm,* 110 Iowa 145; *Schumacher v. Sumner Tel. Co.,* 161 Iowa 326. In the first cited case we said (page 150):

"Whether this liability is on contract, or because the statute imposes a penalty, has never been expressly decided. * * * The great weight of authority, in the absence of statute, is that, where a supposed corporation is doing business as a *de facto* corporation, the stockholders cannot be held liable as partners, although there have been irregularities, omissions, or mistakes in incorporating or organizing the corporation. * * * And the greater number of cases seem to favor the proposition that statutes such as the one we are now considering are penal in character. * * * We cite the authorities simply to show that the tendency of all modern decisions is to hold that such statutes do not create a contract liability, and that, but for the statutes, no liability would exist. With this construction, the way is clear for determining what is a substantial compliance with the statute relating to publicity; for it is a universal rule that penal statutes are to be strictly construed," etc.

In the *Schumacher* case, we said:

"The section we have quoted from the statute is part of the law governing the creation of corporations, and is in the nature of a penalty for failure by corporators or persons attempting to act in a corporate capacity to comply with the conditions so imposed."

The reliance of appellant upon this question is wholly upon authorities from other jurisdictions. We are not reluctant to examine these authorities nor to recede from our former position, if we should find it to be against the clear weight of authority. A careful examination of a majority of the citations of appellant satisfies us that they are not in conflict with our holding. Some of them give affirmative support to our holding, and the others are readily distinguishable. The first and perhaps leading case cited by appellant is from the Supreme Court of the United States, *Hawthorne v. Calef*, 2 Wall. (U. S.) 10. In that case, the corporation was organized under the laws of Maine, which provided for liability of a stockholder for debts of the corporation to the extent of the amount of his stock. The charter of the corporation contained the same provision. This liability was held to be contractual. This provision was necessarily a part of the very contract of subscription for stock. It was a part of the express undertaking of the stockholder. The liability was not imposed upon him as a result of any violation of law. It is this kind of liability which is dealt with in at least a majority of the cases cited by appellant. The statutory liability with which we are dealing in the case before us is one that arises only because of a violation of the law. The distinction is clear and substantial. The nature of the liability in the one case differs in its essence from the nature of the liability in the other. This distinction was recognized by the Supreme Court of the United States in *Huntington v. Attrill*, 146 U. S. 657 (13 Sup. Ct. Rep. 224).

We have an illustration in the statutes of this state which impose a liability upon a stockholder in a banking corporation for the debts of the corporation to the full amount of his stock. This liability would be deemed the contractual liability of the stockholder, and not a penalty; and no legislation could release it retroactively. Our examination of the cases from other juris-

dictions confirms us in the view that the overwhelming weight of authority sustains the *Seaton* and *Schumacher* cases. We shall set forth a few excerpts from other courts in a separate division hereof. These excerpts will furnish quite a sufficient argument in support of our holding.

III.   One of the cases cited and quoted from by appellant is *Globe Pub. Co. v. State Bank,* 41 Neb. 175 (59 N. W. 683). An examination of the case discloses that it does not support the appellant's position on this appeal. That case dealt with the failure of the officers of a corporation to publish an annual notice, as required by statute. Under the statute of Nebraska, the failure to publish such notice rendered the stockholders liable for the debts of the corporation. It was held that such liability was penal, and not contractual.

It is to be conceded that it was announced therein that stockholders were under a contractual liability at common law for the debts incurred in the formation of the corporation, and before the corporation itself had become competent to incur the same. It is this feature of the opinion that is relied upon by appellant, his theory being that the case at bar was one where liability arose while the corporation was in process of formation. Under our statute, however, the corporation was authorized to do business upon filing its articles of incorporation with the secretary of state. For a period of three months, the acts of the corporation were valid. For such period, the stockholders were not liable. Such was the status of the corporation when the defendant stockholders became such. Subsequently, the acts of the corporation became invalid, and the stockholders became liable because of the failure of the officers to make publication of the statutory notice. The case is, therefore, analogous in principle to the Nebraska case. In the cited case, the Nebraska court overruled several of its previous decisions, wherein it had held the statutory liability to be contractual, rather than penal. We quote from the opinion the following discussion:

"But where the law commands corporations to do certain acts, as to publish annually a notice of their indebtedness, such a law is addressing itself, not to *de facto* corporations or copartnerships or unincorporated associations, but to corporations

*de jure,* and the stockholders of such corporations; and, when such a statute declares that all the stockholders of such a corporation shall be liable for all the debts of the corporation, if it fails to comply with the requirements of the statute, then such a law is designed as a punishment of the stockholders, and is penal.''

From *Cable v. McCune,* 26 Mo. 371, we quote:

''Our opinion in this case is based entirely upon the penal character of the statute we are called upon to construe. The corporation is required to publish an annual statement of their condition, for the information of the public, and a failure to do so renders the stockholders responsible for a specified class of demands existing prior to or at the time of such publication. * * * This liability, in the event of there being no required publication, does not depend upon the actual injury which the failure to publish may have occasioned in a given case, but is absolute, dependent only on the proof of publication or no publication. Such a statute can be regarded in no other light than a penal one.''

The question was before the Supreme Court of Tennessee, in *Shields v. Clifton Hill L. Co.,* 94 Tenn. 123 (38 S. W. 668). The defect of incorporation involved in that case was a defect of acknowledgment. The incorporation was legalized by a curative act. The creditors contended that the liability of the stockholders under the statute was contractual, and could not be taken away by the legislature. It was held that the liability was penal, and not contractual, and that the result of the curative act was to legalize the incorporation, and therefore to abate the penalty. The rule is stated to the same effect by Cook on Stockholders (2d Ed.), Section 223, and by Cooley on Constitutional Limitations (4th Ed.) 463.

To sum up in a mere word, the holding of the great weight of authority is: The definite and fixed statutory liability of a stockholder, which is limited to the amount of his stock or to some multiple thereof, is a contractual liability, definitely and knowingly undertaken by the stockholder when he subscribes for his stock. On the other hand, an unmeasured and unlimited liability, imposed upon a stockholder after he becomes such, without regard to the amount of his holding or to the extent of

his blame, solely because of some violation of law by the officials of the corporation, is a *penal* and not a contractual one. A repeal of the statute which created it would abate it. For the same reason, the legislature has a like power to cure it by a curative act. We deem it clear that the curative act in question was effective to cure all defects in the organization of the corporation and to legalize all its acts and proceedings and thereby to abate all penalties imposed because of previous illegality. The statutory 'liability under consideration was penal, and not contractual. The judgment below was, therefore, correct and is— *Affirmed.*

WEAVER, STEVENS, and DE GRAFF, JJ., concur.