Zimmerman, J.,
 

 concurring and dissenting. The framing of interrogatories which are proper within the contemplation of Section 11420-17, General Code, is a difficult task. The matter is fraught with considerable doubt and confusion, which is reflected in the reported cases dealing with the subject.
 

 Essentially, it is the office of each interrogatory submitted to a jury to require a finding upon some
 
 single
 
 
 *170
 

 primary fact
 
 within the issues and not the ultimate question involved in the trial. Each submitted interrogatory, to come within the purview of the statute, should be such as will elicit from the jury only a finding of some material and decisive fact in the case, to the end that the court may determine, upon the application of correct principles of law to the answers of the jury, whether the general verdict shall stand.
 

 One of the most satisfactory and comprehensive expositions on the subject of interrogatories which the writer has found, in relation to a statute almost identical with ours, is contained in the case of
 
 Tucker Freight Lines, Inc.,
 
 v.
 
 Gross,
 
 109 Ind. App., 454, 33 N. E. (2d), 353. The following comments are based on the opinion in that case:
 

 In reaching a general verdict the jury takes the law as given it in the instructions of the court and applies such law to the facts as it finds them to exist. However, the jury may misunderstand the court's instructions or erroneously apply the law so given it. As a check on such common errors, the court may submit interrogatories to ascertain what facts the jury did actually find from the evidence to enable the court to apply the law to the facts so found and thereby test the correctness of the general verdict.
 

 Obviously, the purpose of interrogatories would be defeated if the questions propounded called not for facts alone, but for legal conclusions based on facts. It is improper, therefore, to submit interrogatories calling for such conclusions, and answers so elicited must be disregarded.
 

 The perplexity arises in the attempt to differentiate between interrogatories calling for facts and those calling for conclusions of mixed law and fact.
 

 If in answering an interrogatory the jury is required not only to consider the facts but is also required to apply some legal principle to the facts or to measure
 
 *171
 
 them by some standard fixed by law to reach the conclusion required by the answer, then the resulting answer is a legal conclusion and not an ultimate fact.
 

 For example, a question, “Could the driver of the automobile have seen the truck in time to have stopped and avoided a collision, had he looked with reasonable care?,” or a question, “Was the defendant chargeable with negligence in parking his truck in the driveway ?, ’ ’ would be an improper question for the reason that the law fixes the standards by which “reasonable care” and “negligence” must be determined. Jurors are not presumed to know such standards and the court has no means of telling whether, in reaching the conclusions indicated by the answers, the jury applied the correct legal standards.
 

 Answers to interrogatories of the type given above necessarily involve the application of legal principles and the answers thereto constitute mere conclusions and not findings on particular questions of fact as contemplated by the statute.
 

 The point is well illustrated in the case of
 
 Toledo & Wabash Ry. Co.
 
 v.
 
 Goddard,
 
 25 Ind., 185, 191 and 192, quoted from in the majority opinion.
 

 In the case of
 
 Lewis
 
 v.
 
 C. M. & St. P. Rd. Co.,
 
 57 Iowa, 127, 129, 10 N. W., 336, 337, the court remarked:
 

 “The defendant requested the court to require the jury to answer the following questions: ‘Was defendant guilty of negligence in permitting the fire to escape from its engine? If so, in what manner? What acts of negligence, if any, do you find on the part of the defendant, caused the starting of the fire?’
 

 “It was the right of the defendant to have special findings of the jury upon specific questions of fact to be stated in writing. Code, Section 2808. These interrogatories fail to state questions of fact. The first calls for the statement of a conclusion based upon facts and both require the jury to enter into a state
 
 *172
 
 ment of the grounds upon which this conclusion is based. The statute contemplates that specific questions of fact shall be submitted to the jury, which would not have been done by the interrogatories propounded by defendant. The court correctly refused to submit the questions to the jury.”
 

 If one accepts the reasoning and logic of the authorities cited, doubt is cast upon the soundness of the holding in paragraph four of the syllabus of
 
 Davison
 
 v. Flowers, 123 Ohio St., 89, 174 N. E., 137, and the more recent decisions of this court which have approved interrogatories held proper in that case. However, interrogatories as approved in the
 
 Davison case
 
 have been so often sanctioned by this court and by the appellate courts of this state, that their propriety should probably not be seriously challenged at this late date. The writer is therefore constrained to concur in the majority opinion as it relates to the subject of interrogatories.
 

 The writer is not in agreement with the majority opinion that the trial court committed prejudicial error in directing the jury to reconsider its answer to interrogatory No. 6 and in allowing it to reconsider its answer to interrogatory No. 5.
 

 A general verdict was returned for the plaintiff and it is plain that the inexperienced jury displayed confusion by its answers to these interrogatories involving as they did mixed questions of law and fact. The answer to No. 6 was patently in disregard of the instructions of the court embodied in the general charge and indicated a complete misunderstanding on the part of the jury of portions of such charge. Under the circumstances, the writer entertains the view that the court was within its authority in directing and allowing the jury to reconsider its answers to the interrogatories upon closer study of the written general charge given, and that the court was not chargeable with an
 
 *173
 
 abuse of discretion in so doing. Nor did the remarks of tbe court go so far as to direct the jury as to the manner in which the interrogatories should be answered upon reconsideration.
 

 Most of the authorities recognize the right of a jury, prior to discharge, to alter its verdict or special findings to conform to what it actually intended to do* And, where a verdict is returned or special findings made which show a clear misapprehension of the issues presented or of the instructions of the court, the jury may be directed by the court to reconsider and make such changes as reflect the jury’s true intentions and purposes. See 53 American Jurisprudence, 762,. Section 1099, and 64 Corpus Juris, 1184, Trial, Section 972.
 

 Of course, the method of procedure adopted by the trial court herein would not be proper in all eases and under all circumstances but in the instant case the writer is of the opinion that it was justifiable.